[No. 25615-7-I. Division One. July 30, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD E. ROBINSON, *Petitioner.*

*Patricia Novotny* of *Washington Appellate Defender Association,* for petitioner.

*David F. Thiele, Prosecuting Attorney,* and *Terry Vetter, Deputy,* for respondent.

PER CURIAM.—Richard Robinson seeks discretionary review of the dismissal of his appeal from a district court conviction for fourth degree assault. We grant discretionary review to consider the application of the constitutional requirements of *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967) and *State v. Theobald,* 78 Wn.2d 184, 470 P.2d 188 (1970) to an appeal from district court heard in superior court. Because Robinson has also raised a substantive issue which should have been considered by the Superior Court, we also accelerate review and reverse. RAP 18.12.

On July 17, 1987, Robinson was charged with two counts of fourth degree assault, RCW 9A.36.041. The facts of these charges do not appear in the record and are not relevant to our consideration. After a jury trial, Robinson was convicted of one count and acquitted of the other count. Robinson appealed to the Superior Court pursuant to RALJ but the Superior Court eventually reversed and remanded for a new trial.

New counsel was appointed to represent Robinson and, after various continuances, he was again found guilty of fourth degree assault and sentenced to 20 days' confinement.

Robinson again filed a notice of appeal pursuant to RALJ. Another attorney was appointed to represent him.[1] On December 12, 1989, the attorney filed an "Anders" brief and moved to withdraw. The brief included sections on "background", "defense counsel's theory of the case", "jury

[1]The order appointing Johnston also ordered that,

in the event this case is remanded to District Court for imposition of Judgment and Sentence and the remanding Court makes a finding of the appeal being frivolous, this District Court will consider sanctions as community service for compensation of the attorney fees incurred at public costs.

Such an order violates a defendant's right to counsel. *Draper v. Washington,* 372 U.S. 487, 496, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1963) ("duty of the State is to provide the indigent as adequate and effective appellate review as that given appellants with funds"); *Seattle v. Williams,* 101 Wn.2d 445, 457, 680 P.2d 1051 (1984) ("[I]ndigent's right to appeal at public expense [cannot] be denied by a trial judge's determination that the appeal [is] frivolous.").

selection", "motions in limine", "opening statements", "testimony", "defense trial tactics", "jury instructions", and "closing argument". There were no citations to the record or to legal authority in the brief. On December 15, 1989, Robinson filed a pro se motion for dismissal and a brief in support thereof.

On December 29, 1989, the court granted the attorney's motion to withdraw. On January 12, 1990, the court heard oral argument from the State and from Robinson pro se. The court found that the appeal was frivolous and without merit and remanded the case to the District Court for the imposition of sentence. Robinson pro se sought discretionary review.[2]

The issues before the court are whether the Superior Court acted properly in permitting appointed counsel to withdraw before argument on the motion to dismiss the appeal and whether it properly reviewed the record as required by *State v. Theobald, supra,* and *Anders v. California, supra,* before dismissing the appeal as frivolous. We determine that it did not and that Robinson's right to counsel was therefore violated.

 Under article 1, section 22 of the Washington Constitution, a person who has been convicted of a crime has the right to appeal. *State v. Sweet,* 90 Wn.2d 282, 581 P.2d 579 (1978). The constitutional appeal from a decision of the district court is effectuated by the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ), which provide that the superior court acts as an appellate court in matters appealed from lower courts. The RALJ procedure has been upheld as constitutional. *Seattle v. Hesler,* 98 Wn.2d 73, 653 P.2d 631 (1982). An indigent criminal defendant is entitled to review at public expense. *In re Welfare of Lewis,* 88 Wn.2d 556, 558, 564 P.2d 328 (1977). However, when appointed counsel can find no basis for a good faith argument on appeal, counsel must file a motion

---

[2]The Superior Court appointed the Washington Appellate Defender Association (WADA) to represent Robinson.

to withdraw, which should be supported by a brief which points out arguable issues on appeal. *Anders v. California, supra; State v. Theobald, supra.* This rule has been codified in RAP 15.2(h). Unlike the RAP, there is no provision in the RALJ for an appointed attorney to withdraw when counsel believes the appeal is without merit. However, because the *Anders* procedure is based on the constitutional rights of equal protection and to effective assistance of counsel, it also applies to appeals in the superior court pursuant to the RALJ.

In *Anders,* the court held that an attorney appointed to represent an indigent defendant must act as an advocate and not merely as amicus curiae.

> His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. . . .
>
> This requirement . . . would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.

386 U.S. at 744–45. The *Anders* procedure was adopted by our Supreme Court in *State v. Theobald, supra.*

In *McCoy v. Court of Appeals of Wis., Dist. 1,* 486 U.S. 429, 438, 100 L. Ed. 2d 440, 108 S. Ct. 1895, 1902 (1988), the Court stated as to the duties of appointed counsel:

> The principle of substantial equality [between retained and appointed counsel] does, however, require that appointed counsel make the same diligent and thorough evaluation of the case as a retained lawyer before concluding that an appeal is frivolous. . . . The appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal.

The Court acknowledged that an *Anders* brief is not expected to be a substitute for an advocate's brief on the

merits, but "is to enable the court to decide whether the appeal is so frivolous that the defendant has no federal right to have counsel present his or her case to the court." *McCoy,* 486 U.S. at 440 n.13. The Court held that a Wisconsin rule which requires that a brief filed in support of a motion to withdraw include a discussion of why the issue lacked merit was in keeping with *Anders* and does not violate an indigent defendant's rights to effective representation or due process on appeal. The Court reiterated that an *Anders* brief is not a substitute for a brief on the merits and that "it is a device for assuring that the constitutional rights of indigent defendants are scrupulously honored." *McCoy,* 486 U.S. at 444.

The facts of the present case are similar to *Penson v. Ohio,* 488 U.S. 75, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988). In *Penson,* the defendant was indigent and was appointed counsel on appeal. The attorney subsequently filed a "Certification of Meritless Appeal and Motion", which sought leave to withdraw and stated that the attorney, after review, had found no errors requiring reversal or vacation of the convictions or sentence. The appellate court granted the motion to withdraw and also granted the defendant 30 days to file a pro se brief. Subsequently, the court reviewed the record, determined that there were arguable claims and reversed the conviction on one count but also determined that the defendant had suffered no prejudice as a result of his appointed attorney's failure to "give a more conscientious examination of the record." The defendant appealed to the Ohio Supreme Court, which dismissed the appeal.

The Supreme Court reversed. After restating the rule of *Anders,* the Court in *Penson* held that motion to withdraw should have been denied on two grounds: first, because the attorney's certification failed to draw attention to anything in the record which might arguably support the appeal; and second, because the court granted the motion to withdraw "before it made its own examination of the record to determine whether counsel's evaluation of the case was sound."

*Penson,* at 82–83. The Court also noted that once the Ohio court had determined there were arguable claims, it should have appointed new counsel, as the defendant was entitled to representation. Thus, under *Penson,* a motion to withdraw cannot be granted until after the court determines that the appeal is without merit, as the defendant is entitled to the assistance of counsel on appeal.[3]

In the present case, the attorney filed a brief that did not contain citations to the record or legal authority supporting any arguable issues on appeal. Thus, the brief did not comply with the requirements of *Anders* or *McCoy* and was instead merely a critique of the trial and an analysis of the outcome. In addition, the court granted the motion to withdraw before determining the appeal had no merit. As a result, Robinson did not receive the effective assistance of counsel. The constitution requires that the *Anders* procedure be followed in RALJ appeals, which are a defendant's appeal as of right, as well as in appeals to this court.

The remedy for a court's failure to follow the *Anders* procedure is to reverse and remand for a determination of whether the appeal is without merit. *Penson,* at 87 n.9. However, because Robinson's appointed counsel has also raised a substantive issue which requires reversal, we do not remand in this case.[4]

---

[3]In *Penson,* the State argued that Penson had failed to establish prejudice and that any error was harmless. The Court rejected these arguments. Because Penson had been denied the right to counsel on appeal, the Court held that prejudice was presumed and that it could not determine whether any error was harmless. *Penson,* at 88.

[4]Robinson also argues that he was not provided sufficient time to prepare his pro se brief. There were 14 days between the granting of the motion to withdraw and dismissal of the appeal. While Robinson did file a brief, it was filed only 3 days after the motion to withdraw was filed and it is not clear whether he was also served with the motion and brief or had access to the record of the trial. In *State v. Theobald, supra* at 185, the court noted that the appellant had 45 days in which to "analyze the record, study the law, discern his assignments of error, prepare his arguments, write his brief and deliver it to [the Supreme] court", and held that this was not sufficient. Because of our decision, however, we do not decide this issue.

■ Robinson contends that the citation charging him with fourth degree assault was constitutionally defective because it did not contain the essential element of intent. The citation charged Robinson with violation of "9A.36.041 Assault 4th (police officer)". Assault is defined as:

**Assault in the fourth degree.** (1) A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.

(2) Assault in the fourth degree is a gross misdemeanor.

In *State v. Jones,* 34 Wn. App. 848, 850, 664 P.2d 12 (1983), the court held that intent is an element of simple assault. *Accord, State v. Sample,* 52 Wn. App. 52, 757 P.2d 539 (1988).

CrRLJ 2.1(b)(3)(iii) requires that a citation and notice contain the date, time, place, numerical code section, description of the offense charged, the date on which the citation issued and the name of the citing officer. In *State v. Leach,* 113 Wn.2d 679, 782 P.2d 552 (1989), the court held that a citation which listed the code section as "11560201c" and described the offense as "DWI" complies with the requirements of CrRLJ 2.1(b)(3)(iii) and violates neither due process nor equal protection. The court noted that the acronym "DWI" has come into common usage to refer to the crime of driving while intoxicated and "is a complete statement of the statutory elements constituting the offense." *Leach,* at 695.

■ Here, the citation contained a citation to the statute[5] and the date, time and location of the offense. However, it did not contain the element of intent. Because the citation did not contain an essential element of the crime, it did not state a charge on which Robinson could be tried and

---

[5]The cited statute, RCW 9A.36.041, was not in effect at the time of the offense. However, it is a recodification of RCW 9A.36.040. Robinson does not allege that the citation was defective in this regard.

convicted. The conviction must therefore be reversed and the case dismissed.

Reversed and remanded for proceedings consistent with this opinion.

Review denied at 116 Wn.2d 1003 (1991).