[No. 23566–4–I.   Division One.   January 4, 1991.]

THE CITY OF AUBURN, *Respondent*, v. JAMES A. BROOKE, *Petitioner*.

*Deborah Whipple* of *Washington Appellate Defender Association*, for petitioner.

*Stephen Shelton, City Attorney*, and *Judith Ausman, Assistant*, for respondent.

PEKELIS, J.—James A. Brooke appeals the Superior Court's decision affirming the District Court's denial of his motion to withdraw his guilty plea to the charge of disorderly conduct. Brooke contends that he must be allowed to withdraw his guilty plea and the charge must be dismissed because the City of Auburn charged him with a constitutionally defective citation which failed to list all of the essential elements of the offense.

I

On March 18, 1987, the City of Auburn charged James A. Brooke by citation and notice with trespass and disorderly conduct in violation of Auburn Municipal Code (AMC) 9.40.010. In April of 1987 the court dismissed the trespass charge and Brooke pleaded guilty to the disorderly conduct charge. Brooke's guilty plea reads as follows:

I AM GUILTY BECAUSE I DID THE FOLLOWING go in the place [La Posada Restaurant] & pushed a table over. I became jealous of her [Brooke's wife] sitting with Tony, we were separated at the time for only a week.

In April of 1988 Brooke filed a motion to set aside plea of guilty under CrRLJ 7.8(b)(2) and (5) which provide for relief from a judgment or order on the basis of newly discovered evidence or any other reason justifying relief.[1] In June of 1988 the court denied Brooke's motion.

Brooke filed a notice of appeal at the Superior Court claiming two errors: an insufficient factual basis for a finding of guilt, and denial of his motion to set aside his guilty plea. In December of 1988 the Superior Court affirmed the District Court's decision.

Brooke then filed a motion for discretionary review with this court, asserting, for the first time, that because the

---

[1]Brooke's motion included a signed statement by his wife that she knocked over the table in the La Posada Restaurant. Brooke also submitted a declaration stating that he pleaded guilty because he "was advised that if all these matters were taken care at one time [he] would not have to serve any jail time."

City of Auburn charged him with a constitutionally defective citation, he should be allowed to withdraw his guilty plea. In May of 1989 we granted Brooke's motion for discretionary review.

## II

Brooke contends that he must be allowed to withdraw his guilty plea and the charge against him must be dismissed. He asserts that the City of Auburn charged him with a constitutionally defective citation because it failed to list all of the "essential elements" of disorderly conduct.

The citation charged Brooke with "9.40.010(A)(2) Disorderly Conduct." The former version of AMC 9.40.010, in effect when Brooke committed his offense, stated in part:

> A. A person is guilty of disorderly conduct if, with a purpose to cause public danger, alarm, disorder, nuisance, or if with the knowledge that he is likely to create such public danger, alarm, disorder or nuisance, he willfully:
>
> . . . .
>
> 2. Engages in fighting or in violent, threatening or tumultuous behavior; or
>
> . . . .

Former AMC 9.40.010.

Brooke contends that his citation violated the essential elements rule because it contains neither the "mens rea element" (willfully), nor "at least one of the . . . different acts which the ordinance deems criminal."[2] Brooke maintains that because of these deficiencies (1) the citation failed to state an offense and confer jurisdiction on the court, and (2) the citation violated his right to due process because it failed to adequately notify him of the accusation against him.

Generally, this court may refuse to review any claim of error which was not raised in the trial court. *See* RAP

---

[2]Presumably, he is suggesting that the citation should have contained one of the alternatives listed in subsection 2: "[e]ngages in fighting or in violent, threatening or tumultuous behavior".

2.5(a). However, a party may raise lack of trial court jurisdiction or a manifest error affecting a constitutional right for the first time on appeal.[3] *See* RAP 2.5(a).

We first address Brooke's contention that the citation did not vest the trial court with subject matter jurisdiction. In *State v. Holt*, 104 Wn.2d 315, 321, 704 P.2d 1189 (1985), the Washington Supreme Court held that an information which omits a statutory element of the charged offense is constitutionally defective because it fails to state an offense. In *State v. Leach*, 113 Wn.2d 679, 687, 782 P.2d 552 (1989), the Supreme Court expanded its holding in *Holt* and held that, like an information or complaint, a citation must state an offense.[4] The *Leach* court, however, did not hold that the content requirement for citations is *identical* to the content requirement for complaints. Rather, the *Leach* court's reasoning and holding indicate that less specificity is required in a citation in order to satisfy the essential elements rule.

In the Leach portion of the *Leach* opinion,[5] the court tested a *complaint* under the requirements of former JCrR 2.01(a)(2).[6] The court noted that the complaint neither specified whether a misdemeanor or gross misdemeanor was

---

[3]It is unclear whether a stricter standard of review applies when a petitioner questions the sufficiency of a citation for the first time on appeal. In *State v. Smith*, 49 Wn. App. 596, 598, 744 P.2d 1096 (1987), *review denied*, 110 Wn.2d 1007 (1988), the court applied a higher standard. However, in *Leach* the majority does not refer to such a standard; and, in his concurrence, Justice Brachtenbach suggests that the court consider adopting a stricter standard sometime in the future. 113 Wn.2d at 700–01 (Brachtenbach, J., concurring).

[4]In a recent opinion, the Supreme Court held that the essential elements rule, discussed in *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989), applies to citations. *Seattle v. Hein*, 115 Wn.2d 555, 799 P.2d 734 (1990).

[5]*State v. Leach, supra*, and *State v. Elverston*, 113 Wn.2d 679, 782 P.2d 552 (1989) were consolidated for review because of the similarity of the issues involved.

[6]A complaint issued under former JCrR 2.01(a)(2) must state "the offense charged, *in the language of the statute,* together with a statement as to the time, place, person, and property involved to enable the defendant to understand the

charged, nor contained an essential elemental fact of the gross misdemeanor offense: the age of one of the alleged victims. *Leach,* 113 Wn.2d at 690. Therefore, the court found that the complaint did not comply with former JCrR 2.01(a)(2) and failed to state an offense. *Leach,* 113 Wn.2d at 690.

In the Elverston portion of the opinion, the court tested a *citation* under the requirements of CrRLJ 2.1(b)(3) and held that a citation charging "11560201c . . . DWI" was constitutionally sufficient.[7] *Leach,* 113 Wn.2d at 697. Elverston argued that the different requirements for complaints and for citations under CrRLJ 2.1(a)(2) and (b)(3)(iii) violated equal protection because they require less for a citation than for a complaint. *Leach,* 113 Wn.2d at 693. She argued alternatively that, even if the differing content requirements did not violate due process, her citation failed to vest the trial court with subject matter jurisdiction under the *Holt* rule.[8] *Leach,* 113 Wn.2d at 693. Specifically, she contended that the citation was constitutionally defective because "DWI" was an incorrect "description of the offense charged," and "11560201c" was an inaccurate reference to the applicable code section. *Leach,* 113 Wn.2d at 693.

---

character of the offense charged." (Italics ours.) *Leach,* 113 Wn.2d at 686 (quoting former JCrR 2.01(a)(2)).

[7]CrRLJ 2.1(b)(3) requires:

"(i) the name of the court and a space for the court's docket, case or file number;

"(ii) the person's name, address, date of birth, and sex;

"(iii) the date, time, place, *numerical code section, description of the offense charged,* the date on which the citation was issued, and the name of the citing officer;

"(iv) the time and place the person is to appear in court, which may not exceed 20 days after the date of the citation and notice, but which need not be a time certain;

"(v) a space for the person to sign a promise to appear." (Italics ours.)

[8]Arguably, the question whether a charging document vests a court with subject matter jurisdiction and the question whether a charging document states an offense are two distinct inquiries which have been blurred erroneously. *See State v. Sims,* 59 Wn. App. 127, 132 n.3, 796 P.2d 434 (1990).

■ The court held that the lesser requirements for citations did not violate equal protection. *Leach,* 113 Wn.2d at 697. The court also held that Elverston's citation itself was constitutionally sufficient. *Leach,* 113 Wn.2d at 699. The court concluded that:

> The citation issued to Ms. Elverston complies with CrRLJ 2.1(b)(3)(iii) which requires a citation to contain "the date, time, place, numerical code section, description of the offense charged, the date on which the citation was issued, and the name of the citing officer".

*Leach,* 113 Wn.2d at 699.

The court rejected Elverston's arguments that "DWI" was an inaccurate description of the offense and that driving while "under the influence or affected by intoxicating liquor or any drug" was the correct description. *Leach,* 113 Wn.2d at 696. The court reasoned that "DWI" adequately described the offense "Driving While Intoxicated," and that Elverston's proposed description was only one of several methods of proving the offense. *Leach,* 113 Wn.2d at 696.

We recognize that in the course of its analysis, the court also stated: "Further, the letters 'DWI' have come into common usage as referring to 'driving while intoxicated,' a phrase which is a complete statement of the statutory elements constituting the offense charged under SMC 11.56-.020(A)(1)(c)."[9] *Leach,* 113 Wn.2d at 696. Yet, in analyzing whether the citation stated an offense, *i.e.,* conferred jurisdiction on the court, the court focused its analysis on

[9]This has no doubt contributed to the present state of confusion which is illustrated by two recent opinions of this court. In *Seattle v. McKinney,* 58 Wn. App. 607, 610, 794 P.2d 857 (1990) (per curiam) the court held that a citation charging the petitioner with "SMC 11.56.020(A)(1)(a)" "D.W.I." was constitutionally sufficient. The court concluded that "D.W.I." and a reference to the applicable subsection adequately describes the offense. *McKinney,* 58 Wn. App. at 610. In contrast, in *State v. Robinson,* 58 Wn. App. 599, 606, 794 P.2d 1293 (1990) (per curiam) the court reversed a fourth degree assault conviction where the citation charged the petitioner with violation of "9A.36.041 Assault 4th (police officer)". The court reasoned that because the citation did not contain an essential element of the crime, *i.e.,* the nonstatutory element of intent, it failed to state a charge on which the petitioner could be tried and convicted. *Robinson,* 58 Wn. App. at 606–07.

whether the citation contained the applicable code section and an adequate description of the offense charged, as required under the CrRLJ. A citation which complies with the CrRLJ implicitly incorporates the contents of the code section into the citation and satisfies the essential elements rule.

Not only do we believe our interpretation of *Leach* is the only logical way to resolve its ambiguities, to hold otherwise would render the issuance of valid citations by police officers a practical impossibility. It is simply unrealistic to expect arresting police officers to know each of the statutory elements of every crime.[10]

In summary, a citation passes jurisdictional muster if it satisfies CrRLJ 2.1(b)(3). Here, the citation charged Brooke with "9.40.010(A)(2) Disorderly Conduct." It contains the correct code section and an adequate description of the offense charged. Thus, we conclude that it stated an offense and conferred jurisdiction on the trial court.

We emphasize, however, that this conclusion does not resolve the question whether Brooke received adequate notice of the charge against him as guaranteed by the sixth amendment to the United States Constitution, and the state constitution, article 1, section 22. As the *Leach* court pointed out, although the CrRLJ provide efficient procedures for initiating misdemeanor prosecutions, they do not circumvent the constitutional requirement that a citation must apprise a defendant with reasonable certainty of the nature of the accusations against him. 113 Wn.2d at 695–98.

The court also recognized, however, that although the constitutional requirement of notice is the same, different procedures and requirements for charging by complaint and by citation do not violate the right to due process. *Leach,* 113 Wn.2d at 698. Citations are issued by police officers at the scene. *Leach,* 113 Wn.2d at 698. Therefore,

---

[10]It is even more unrealistic to expect arresting police officers to know all the *non*statutory elements. *See State v. Robinson,* 58 Wn. App. 599, 606–07, 794 P.2d 1293 (1990).

the defendants are aware of the particular incident for which they are charged, and presumably know the facts underlying the charge. *Leach*, 113 Wn.2d at 698. In contrast, complaints are issued by a prosecutor who is not present at the scene. *Leach*, 113 Wn.2d at 698. Thus, the prosecutor must define the crime more specifically to assist a defendant in determining the incident the complaint addresses. *Leach*, 113 Wn.2d at 698.

Here, the City of Auburn charged Brooke by citation. Thus, we can presume that Brooke was aware of the facts underlying the charge. Moreover, we note that Brooke's guilty plea indicates his awareness that the offense required "willful" conduct. In his guilty plea Brooke wrote that he "pushed" the table over. We disagree with his counsel's contention at oral argument that "pushed" could mean "knocked over accidentally." "Pushed" clearly connotes an intentional act.

Thus, the citation stated an offense, and Brooke received adequate notice of the nature of the accusation against him. Accordingly, we affirm his conviction.

BAKER, J., and BRITT, J. Pro Tem., concur.

Review by Supreme Court pending July 1, 1991.