[No. 23100–6–I. Division One. January 22, 1991.]

THE CITY OF SEATTLE, *Respondent,* v. CASPER SCOTT WANDLER, *Petitioner.*

C. *Wesley Richards* of *Seattle–King County Public Defender Association,* for petitioner.

*Mark H. Sidran, City Attorney,* and *Margaret Boyle, Assistant,* for respondent.

WINSOR, J.*—Casper Scott Wandler petitioned for review of his conviction for hit and run of an attended vehicle. The court granted his petition on the following issues: (1) whether Seattle Municipal Code (SMC) 11.56.420 unconstitutionally conflicts with state law; and (2) whether the charging document is constitutionally defective. We affirm.

On February 3, 1987, the City of Seattle (City) charged Wandler with violation of SMC 11.56.420, entitled "Hit and run (attended)—Duty in case of accident with occupied vehicle."[1] The charging document, which was signed by the arresting officers at the scene of the accident and by an assistant city attorney, describes the offense as "11.56.420 Hit/Run; Attended." The word "refused" appears in the space provided for the defendant's signature.

A jury convicted Wandler on the hit–and–run charge. Wandler appealed to King County Superior Court, arguing that SMC 11.56.420 unconstitutionally conflicts with RCW 46.52.020, the state statute prohibiting hit and run of an attended vehicle. The Superior Court affirmed Wandler's conviction, holding, *inter alia,* that the slight differences in

---

*Judge Robert W. Winsor was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

[1] Wandler was also charged with violation of SMC 11.56.020(B), entitled "Persons under the influence of intoxicating liquor or any drug". Wandler was acquitted on this charge.

language between the Seattle ordinance and the state statute are inconsequential and do not create an unconstitutional conflict. Wandler then sought review in this court, arguing that the trial court erred in finding no constitutional conflict and, for the first time, that the document under which he was charged was constitutionally defective.[2] This court granted Wandler's petition.

■ The first issue before the court is whether SMC 11.56.420, which prohibits hit and run of an attended vehicle, unconstitutionally conflicts with RCW 46.52.020, the state statute prohibiting hit and run of an attended vehicle. Wandler relies on article 11, section 11 of our constitution which authorizes municipalities to make and enforce "all such local police, sanitary and other regulations *as are not in conflict with general laws.*" (Italics ours.) In *Bellingham v. Schampera,* 57 Wn.2d 106, 356 P.2d 292, 92 A.L.R.2d 192 (1960), the Washington Supreme Court explained the standard for determining whether an ordinance impermissibly conflicts with state law:

> "'"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." . . . Judged by such a test, an ordinance is in conflict if it forbids that which the statute permits' . . ..
> "'The statute, as well as the ordinance, in the case at bar, is prohibitory, and the difference between them is only that the ordinance goes farther in its prohibition—but not counter to the prohibition under the statute. The city does not attempt to authorize by this ordinance what the Legislature has forbidden; nor does it forbid what the Legislature has expressly licensed, authorized, or required. * * * Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not to be deemed inconsistent because of mere lack of uniformity in detail. . . ."

---

[2]This court may refuse to review any claim of error that was not raised in the trial court, except that a party may raise a trial court's lack of jurisdiction or a manifest error affecting a constitutional right for the first time on appeal. RAP 2.5(a)(1), (3). It is unclear whether a stricter standard of review applies when a petitioner questions the sufficiency of a citation for the first time on appeal. *See Auburn v. Brooke,* 60 Wn. App. 87, 90 n.4, 803 P.2d 1325 (1991).

(Citations omitted.) 57 Wn.2d at 111. A local ordinance does not unconstitutionally conflict with a state statute merely because one prohibits a wider scope of activity than the other. *Seattle v. Eze*, 111 Wn.2d 22, 33, 759 P.2d 366, 78 A.L.R.4th 1115 (1988); *see also Lenci v. Seattle*, 63 Wn.2d 664, 670–71, 388 P.2d 926 (1964) (ordinance may be more restrictive than statute so long as statute does not forbid the more restrictive enactment).

 Wandler argues that six differences between RCW 46.52.020 and SMC 11.56.420 render the Seattle ordinance unconstitutional under the standards set forth above.[3] None of these differences is significant enough to establish beyond a reasonable doubt that the Seattle ordinance unconstitutionally conflicts with the state statute. *See Seattle v. Shin*, 50 Wn. App. 218, 220, 748 P.2d 643 (party challenging ordinance bears burden of establishing unconstitutionality beyond reasonable doubt), *review denied*, 110 Wn.2d 1025 (1988). With respect to most of the differences in language noted by Wandler, the ordinance and the statute merely lack uniformity in detail or vary slightly in the scope of duties assigned to the driver. Such slight variances do not create a conflict in the constitutional sense. *See Eze*, 111 Wn.2d at 33 (ordinance does not unconstitutionally conflict with statute merely because one prohibits a wider scope of activity than the other); *Schampera*, 57 Wn.2d at

---

[3]The six differences cited by Wandler are: (1) the ordinance uses the term "occupied" vehicle whereas the statute uses the term "attended" vehicle; (2) the ordinance requires the driver to render assistance to any persons "involved" in an accident who appear to be injured or who request assistance whereas the statute requires the driver to give aid to any persons "injured" in the accident; (3) the ordinance defines the term "accident" whereas the statute does not; (4) the statute requires the driver to stop "without obstructing traffic more than is necessary" whereas the ordinance has no such express requirement; (5) the statute excuses a driver who is injured or incapacitated of the obligation to stop and give information whereas the ordinance has no such express qualification; and (6) although neither the ordinance nor the statute requires the driver to leave information at the scene if police are not present and no one at the scene is capable of receiving the information, the ordinance requires the driver to comply with the reasonable assistance requirements in such cases, whereas the statute only requires performance of certain duties "in so far as possible on his part to be performed".

111 (ordinance does not unconstitutionally conflict with statute because of mere lack of uniformity in detail).

The only arguably significant difference cited by Wandler is that the statute does not require a driver who is injured or incapacitated to stop and give the required information, whereas the ordinance contains no such express qualification on a driver's duties. Wandler argues that there is thus a defense available under state law that is not available under the ordinance. Relying on *Pasco v. Ross*, 39 Wn. App. 480, 694 P.2d 37 (1985), Wandler asserts that the unavailability under a local ordinance of defenses available under a state statute prohibiting the same conduct constitutes an unconstitutional conflict.

Wandler's argument overlooks SMC 12A.04.010(A), which provides that a person is not guilty of an offense "unless his liability is based on conduct which includes a voluntary act or an omission to perform an act of which he is physically capable."[4] Thus, even if the rationale of *Pasco* is applicable, the defense of incapacity is also available under the ordinance. Moreover, ordinances should be given, as statutes are, a sensible construction that avoids absurd results. *See State v. Bailey*, 52 Wn. App. 42, 47, 757 P.2d 541 (1988), *aff'd*, 114 Wn.2d 340, 787 P.2d 1378 (1990). Were it faced with the issue, we have little doubt that a court would hold that SMC 11.56.420 does not require a driver who is injured or incapacitated to stop and give the required information.

In short, Wandler has failed to establish that SMC 11.56.420 allows the City to prohibit what the state statute allows, or vice versa. There is no requirement that state and local provisions be uniform in every detail. *Schampera*, 57 Wn.2d at 111. Our review of other cases in which the

---

[4]Pursuant to SMC 12A.02.120, the provisions of SMC chapters 12A.02 and 12A.04 are expressly applicable to all offenses defined by subtitle 12A or any other City ordinance unless otherwise specifically provided in such subtitle or other ordinance.

defendant has argued that a local ordinance unconstitutionally conflicts with a state statute leads us to conclude that no conflict of a constitutional magnitude exists in this case. *See, e.g., Eze,* 111 Wn.2d at 33–34 (local ordinance prohibiting disorderly conduct on a bus not in conflict with state statute criminalizing conduct that *"[i]ntentionally* disturbs others by engaging in loud or unruly behavior", even though local ordinance prohibits a wider range of activity); *Seattle v. Barrett,* 58 Wn. App. 698, 703, 794 P.2d 862 (1990) (local ordinance prohibiting property destruction and state statute criminalizing malicious mischief not in conflict, even though local ordinance requires "intentional" mental state whereas state statute requires "knowing and malicious" mental state).[5]

The second issue before the court is whether the document under which Wandler was charged is constitutionally defective. Because, as we discuss in more detail below, there are different procedures and requirements for charging by complaint and by citation, we first address the nature of the charging document in this case.

█ Wandler argues that the document by which he was charged was a complaint, not a citation, because Wandler did not sign the charging document and because the charging document was signed by an assistant city attorney as well as by police officers. Wandler contends that a municipal court cannot acquire jurisdiction by citation unless the defendant signs the document and that because he did not

---

[5]Wandler contends that RCW 46.08.020 and RCW 46.08.030 express the Legislature's intent that traffic regulations be absolutely uniform throughout the state and that the *Schampera* standard should therefore not be applied in this case. Wandler appears to be arguing that the Legislature has *preempted* the area of hit–and–run driving and that no local regulation in this area is permitted. We reject this contention. As the *Schampera* court noted, RCW 46.08.020 expressly authorizes local authorities to adopt additional local vehicle and traffic regulations so long as they do not conflict with state law. *See Schampera,* 57 Wn.2d at 110. RCW 46.08.020 and RCW 46.08.030 merely require that local ordinances not conflict with state statutes and that the provisions of RCW Title 46 be applied uniformly throughout the state. There is simply no evidence that the Legislature either expressly or by necessary implication intended to preempt the area of hit–and–run driving specifically or traffic regulation generally.

sign the charging document, it must by default be a complaint. We find no authority to support Wandler's contention.[6] CrRLJ 2.1(b)(3)(v) requires that a citation contain "a space for the [accused] person to sign a promise to appear." There is no express requirement that the defendant actually sign the citation. The reason a citation must contain a space for the defendant's signature is suggested by CrRLJ 2.1(b)(4), which provides: "To secure his or her release, the person must give his or her written promise to appear in court as required by the citation and notice served." We interpret this to mean that the defendant's signature on a citation is required as a condition of release, not, as Wandler argues, for the court to obtain jurisdiction. Where, as here, the defendant was booked directly into jail, there is no need for the defendant to sign the citation because he or she is not securing release by promising to appear.

This interpretation of CrRLJ 2.1(b)(3)(v) is supported by the Washington Supreme Court's decision in *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989). In discussing the constitutional sufficiency of the citation in the consolidated case of *Seattle v. Elverston*, the *Leach* court noted that the space on the citation for the defendant's signature contained the words "Booked Direct". *Leach*, 113 Wn.2d at 692. The court explained in a footnote that "Petitioner Elverston was 'booked' into the King County Jail. *Her signature was thus not necessary.*" (Italics ours.) *Leach*, 113 Wn.2d at 692 n.8.

█ Nor does the signature of an assistant city attorney on Wandler's charging document convert it from a citation to a complaint. Pursuant to CrRLJ 2.1(b)(5), a citation must contain a signature of the citing official that certifies that he or she has probable cause to believe the accused

---

[6]Wandler's reliance on *State v. Dolman*, 22 Wn. App. 917, 594 P.2d 450 (1979), is misplaced. The issue in *Dolman* was whether a prosecutor can charge a misdemeanor by an information in superior court after an accused has complied with a lawfully issued citation and notice to appear in district court upon a charge for the same offense, not, as in this case, whether a defendant's signature is required on a citation to make it a valid charging document.

committed the charged offense. In this case, Wandler's charging document was signed by the arresting officers who arrived shortly after the accident occurred as well as by an assistant city attorney. Although it is true that a complaint must be signed by the prosecuting authority, *see* CrRLJ 2.1(a)(2), there is simply no authority for the proposition that a charging document that contains a prosecutor's signature in addition to the citing officer's signature is a complaint rather than a citation. Again, *Leach* supports our conclusion. Although the *Elverston* charging document in the *Leach* case contained a prosecutor's signature in addition to the police officer's signature, the Supreme Court considered the charging document a citation. *Leach,* 113 Wn.2d at 691–92.

■ Having concluded that Wandler was charged by citation, we next consider whether the citation complies with the "essential elements" rule as set forth in *Leach,* namely, that it state an offense and that it apprise a defendant with reasonable certainty of the nature of the accusations. 113 Wn.2d at 687, 695–98. In this court's recent decision in *Auburn v. Brooke,* 60 Wn. App. 87, 803 P.2d 1325 (1991), we discussed how the *Leach* requirements apply to citations. With respect to the requirement that a charging document properly state an offense, we concluded that a citation passes constitutional muster if it satisfies the requirements of CrRLJ 2.1(b)(3)(iii), namely, that it specify "the date, time, place, numerical code section, description of the offense charged, the date on which the citation was issued, and the name of the citing officer". *Brooke,* 60 Wn. App. at 93. Here, the citation described Wandler's offense as "11.56.420 Hit/Run; Attended." It contains the correct code section and an adequate description of the offense charged. We thus conclude that the citation properly states an offense. *See Leach,* 113 Wn.2d at 696–97 (citation charging "11560201c" "DWI" adequately stated offense even though correct statutory designation was SMC 11.56.020(A)(1)(c)); *Brooke,* 60 Wn. App. at 93 (citation

charging "9.40.010(A)(2) Disorderly Conduct" adequately stated offense).

The second *Leach* requirement is that a citation adequately notify the defendant of the charges, as required by due process. As we pointed out in *Brooke,* the *Leach* court recognized that although the constitutional requirement of notice is the same for both complaints and citations, different procedures and requirements for charging by complaint and by citation do not violate due process. *Brooke,* 60 Wn. App. at 93 (citing *Leach,* 113 Wn.2d at 698). Because citations are issued by police officers at the scene of the crime, the defendant is necessarily aware of the particular incident with which the defendant is charged and therefore is also presumably aware of the facts underlying the charge. *Leach,* 113 Wn.2d at 698. This is in contrast to complaints, which are not issued to defendants at the scene. The crime must therefore be more specifically described to assist the defendant in determining the incident referred to in the complaint. *Leach,* 113 Wn.2d at 698.

Because Wandler was charged by citation at the scene of the accident, he was presumably aware of the facts underlying the charge. There is no evidence to suggest that Wandler suffered prejudice to "substantial rights" because the citation did not include additional facts. *See Leach,* 113 Wn.2d at 694. We therefore conclude that the citation issued to Wandler charging him with hit and run of an attended vehicle under SMC 11.56.420 apprised him with reasonable certainty of the charges against him. *See Leach,* 113 Wn.2d at 696–97 (citation charging "11560201c" "DWI" apprised defendant of charges with reasonable certainty); *Brooke,* 60 Wn. App. at 94 (citation charging "9.40.010-(A)(2) Disorderly Conduct" adequately apprised defendant of accusations against him).

Wandler's conviction is affirmed.

WEBSTER, A.C.J., and BAKER, J., concur.