[No. 23622-9-I.   Division One.   August 19, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT M. DUKOWITZ, *Petitioner.*

---

*C. Wesley Richards* of *Seattle-King County Public Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Pamela Mohr* and *Drew Zavatsky, Deputies,* for respondent.

AGID, J. — Robert Dukowitz seeks review of a judgment and sentence for simple assault. He contends that the charging document used to initiate the criminal action against him is constitutionally defective and that the charges against him must therefore be dismissed.

On July 21, 1987, Dukowitz assaulted his brother-in-law, Marvin Ross. After the incident, Dukowitz got into his car and drove away. Police investigated the matter and prepared a "Complaint/Citation" form charging Dukowitz with "RCW 9A.36.040 Simple Assault" and malicious mischief.[1] The prosecutor later signed this form and filed it in Aukeen District Court on July 23, 1987. Notice of the charges was issued to Dukowitz on July 28, 1987. The matter proceeded to trial, where Dukowitz stipulated to the police report and the court found him guilty as charged.

Dukowitz sought review of his conviction in King County Superior Court. He contended that:

> The Aukeen District Court lacked jurisdiction over Mr. Dukowitz because the charging document was defective and did not satisfy the requirements of either the criminal citation or criminal complaint court rules.

The court ruled that "the misdemeanor complaint charging the defendant with simple assault is not constitutionally deficient" and affirmed the judgment. Dukowitz then petitioned for discretionary review in this court. The commissioner granted his petition.

## NATURE OF CHARGING DOCUMENT

Dukowitz first argues that the charging document in this case was a complaint, not a citation. He contends the document is a complaint because: (1) he has not signed it; (2) it was not served on him at the time of the violation;

---

[1]The malicious mischief charge ultimately was dismissed and is not at issue on this appeal. As for the assault charge, the State obtained an amendment to the charging document which added the phrase "on one Marvin Ross."

(3) it does not set forth a date for him to appear in court; and (4) it was signed by a prosecuting attorney. The State concedes that the document should be tested under standards governing complaints.

The characterization of the document as either a complaint or citation is significant because the constitutional sufficiency of a complaint is measured by more stringent standards than is the sufficiency of a citation. *State v. Leach*, 113 Wn.2d 679, 698, 782 P.2d 552 (1989); *Auburn v. Brooke*, 60 Wn. App. 87, 90-92, 803 P.2d 1325, *review pending* (1991);[†] *Seattle v. Wandler*, 60 Wn. App. 309, 317-18, 803 P.2d 833, *review pending* (1991).[‡] Lesser standards of sufficiency for citations are constitutionally permissible because citations are issued by police officers at the scene of the charged crime. In this situation, defendants are necessarily aware of the particular incident with which they are charged and are also presumably aware of the facts underlying the charge. Complaints, on the other hand, are not issued at the scene. They must, therefore, contain a more specific description of the crime charged so that the defendant can determine what incident is referred to. *Leach*, 113 Wn.2d at 698; *Brooke*, 60 Wn. App. at 93-94; *Wandler*, 60 Wn. App. at 317-18.

Here, Dukowitz was not present when police officers prepared his charging document, and he apparently was not notified of the charges against him until several days after the assault on Ross. Given the at-the-scene rationale for allowing lesser standards for citations than for complaints, this fact is dispositive. For this reason alone,[2] we

---

†Reporter's Note: Review granted at 117 Wn.2d 1008 (1991).

‡Reporter's Note: Review granted and consolidated under *Auburn v. Brooke* at 117 Wn.2d 1008 (1991).

[2]Two of Dukowitz' alternative arguments have been rejected by this court. In *State v. Wandler, supra*, the court refused to treat a charging document as a complaint on the grounds that it was not signed by the defendant and that it was signed by the prosecuting attorney. 60 Wn. App. at 315-17.

accept Dukowitz' assertion and the State's concession that the sufficiency of this document must be tested under standards governing complaints rather than citations.

SUFFICIENCY OF COMPLAINT

Dukowitz next contends that the complaint is constitutionally insufficient in two respects: (1) it does not "state that the accused committed an assault not amounting to assault in the first, second, or third degree"; and (2) it does not apprise Dukowitz of the nature of the charge with reasonable certainty.

Other than a citation to *Leach* for the proposition that a charging document can use words equivalent to the statutory language, Dukowitz offers no authority supporting his contention that a charge of simple assault in violation of RCW 9A.36.040 must describe the crime as an assault "not amounting to assault in either the first, second, or third degree".[3] His contention therefore need not be considered. *E.g., Farnam v. CRISTA Ministries*, 116 Wn.2d 659, 680, 807 P.2d 830 (1991) (court will not decide constitutional issue "without benefit of citation to appropriate supporting authority"); *Spokane v. Taxpayers*, 111 Wn.2d 91, 96, 758 P.2d 480 (1988) (inadequately briefed constitutional issues will not be considered).

In any event, his contention is meritless. Dukowitz overlooks the rule that the various means by which an assault may be committed do not comprise essential elements of fourth degree or simple assault. *State v. Davis*, 60 Wn. App. 813, 821, 808 P.2d 167, *review pending* (1991).[†] The converse is also true. The various means of committing assault that *do not* comprise a simple assault are not essential elements of that crime.

---

[3]Former RCW 9A.36.040(1) provided: "Every person who shall commit an assault or an assault and battery not amounting to assault in either the first, second, or third degree shall be guilty of simple assault." This provision was superseded by RCW 9A.36.041, which became effective on July 1, 1988, after the date of this incident. RCW 9A.36.041, which defines the crime of assault in the fourth degree, is substantially the same as former RCW 9A.36.040.

†Reporter's Note: Review granted at 118 Wn.2d 1027 (1992).

■ Dukowitz' second contention is that the complaint does not sufficiently define the charge. Because Dukowitz did not raise this issue until after his conviction, we only consider whether the charging document meets constitutional requirements. *Leach*, 113 Wn.2d at 691; RAP 2.5(a)(3). We do so under the recently clarified standards set out in *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991). The *Kjorsvik* court explained that a charging document must include every essential statutory and court-imposed element of the charged crime in order to meet constitutional due process requirements. 117 Wn.2d at 101-02, 106-08. When, as here, the sufficiency of the charging document is not challenged until after the verdict, the document will be liberally construed in favor of validity. *Kjorsvik*, 117 Wn.2d at 102. Thus, the document will satisfy constitutional requirements if "the necessary facts appear in any form, or by fair construction can . . . be found" on the face of the charging document; and, if so, the defendant cannot "show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice". *Kjorsvik*, 117 Wn.2d at 105-06.

In support of his contention that the complaint by which he was charged does not meet constitutional requirements, Dukowitz cites *State v. Royse*, 66 Wn.2d 552, 403 P.2d 838 (1965). Specifically, Dukowitz relies on that part of *Royse* in which the court concluded that an information which charged second degree assault in the statutory language then in effect was insufficient because the statute "does not define the crime with certainty". 66 Wn.2d at 557. Dukowitz also points out that the information at issue in *Royse* was far more detailed than was the complaint by which he was charged.

Dukowitz' reliance on *Royse* is misplaced. The *Royse* court's determination that the then-existing statute codifying second degree assault did not define the crime with certainty has no bearing on a charge of simple assault. Royse's information charged him with assault with intent to commit a felony. 66 Wn.2d at 553. This

effectively charged Royse with violating former RCW 9.11.020(6), which defined second degree assault as assault with "intent to commit a felony". 66 Wn.2d at 555. Significantly, the *Royse* information did not indicate what felony Royse had intended to commit and that detail was not determinable from the statute. Nevertheless, the trial court refused Royse's request for a bill of particulars. 66 Wn.2d at 554. As a result, Royse did not know until trial what felonies the State contended he intended to commit when he assaulted the victim. This lack of information, the Supreme Court determined, violated constitutional and statutory guaranties that an accused will be apprised with reasonable certainty of the nature of the accusation against him. 66 Wn.2d at 557.

In contrast, a charge of simple assault does not encompass an underlying crime that must be disclosed to the accused, and the problem addressed in *Royse* is not present here. We therefore reject Dukowitz' *Royse*-based attack on the sufficiency of his complaint.

■ We also reject Dukowitz' implied contention, raised by means of supplemental statements of authority, that his complaint is insufficient because it does not specifically charge Dukowitz with having acted intentionally. *See State v. Robinson*, 58 Wn. App. 599, 606, 794 P.2d 1293 (1990) (information charging simple assault insufficient because it did not contain intent element), *review denied*, 116 Wn.2d 1003 (1991). An assault is by definition an intentional act and is commonly understood as such. Consequently, in the words of the *Kjorsvik* court, a document charging an assault can be "fairly construed" as having stated the element of intent. *See Davis*, 60 Wn. App. at 820 (holding that information charging fourth degree assault need not state a mens rea element for the crime); *see also State v. Mathews*, 60 Wn. App. 761, 767, 807 P.2d 890 (same holding in context of custodial assault charge), *review pending* (1991); *State v. Weiding*, 60 Wn. App. 184, 188-89, 803 P.2d 17 (same holding in second degree assault case), *review pending* (1991).

We read *Kjorsvik* as supporting this conclusion. In that case the Supreme Court pointed out that it is not a difficult task for prosecutors to prepare a proper charging document containing all of the essential elements of a crime because "the 'to convict' instructions found in the Washington Pattern Jury Instructions — Criminal (WPIC) delineate the elements of the most common crimes." *Kjorsvik*, 117 Wn.2d at 102 n.13. Significantly, the WPIC to-convict instruction for simple assault does not mention intent. Instead, the instruction provides in pertinent part:

> To convict the defendant of the crime of simple assault, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the ____ day of _____, 19__, the defendant assaulted [name of person]; and
> (2) That the acts occurred in _____ County, Washington.

WPIC 35.26.[4] All the elements in the to-convict instruction for assault were included in the charging document in this case, thus satisfying that requirement of *Kjorsvik*.

Having concluded that the first prong of the *Kjorsvik* test is satisfied, we next consider the second prong: whether the defendant can show that he was actually prejudiced by the inartful language. *Kjorsvik*, 117 Wn.2d at 105-06. No such showing has been made here. Dukowitz does not argue that his assault on Ross was unintentional. Indeed, he asserts no defense at all and at trial stipulated to the facts contained in the police report. That report unquestionably describes an intentional assault:

> Suspect then passed victim in his car, suspect then slammed on his brakes causing victim to almost wreck. . . . *Suspect* (Dukowitz) *then confronted victim who was still in his vehicle.* Victim states *suspect was swinging a jack handle* inside the vehicle he was sitting. Victim states that *suspect then hit victim in the face with a closed fist* causing slight swelling to his lips. Suspect then *hit victims vehicle windshield* with his closed fists causing the front window *to shatter.*

---

[4] The intent component of assault is included in WPIC 35.50, which defines assault.

Accordingly, we conclude that no prejudice to Dukowitz resulted from the language of the charging document.

The judgment and sentence are affirmed.

BAKER and KENNEDY, JJ., concur.

Review denied at 118 Wn.2d 1031 (1992).