[No. 30904-8-I.   Division One.   November 2, 1992.]

THE STATE OF WASHINGTON, *Petitioner,* v. CHAD PLANO, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Deborah Dwyer, Deputy,* for petitioner.

*David Richard Kirshenbaum,* for respondent.

PER CURIAM. — The State seeks discretionary review of a superior court decision reversing Chad Plano's conviction of one count of assault in the fourth degree. RCW 9A.36.041. We grant discretionary review, accelerate review pursuant to RAP 18.12 and reverse.

## FACTS

Following a bench trial on January 17, 1991, Plano was convicted in district court of assault in the fourth degree (domestic violence). Plano appealed and the matter was heard by the superior court on January 2, 1992. Plano argued that the citation charging him with assault in the fourth degree was constitutionally defective for failure to allege the essential element of the victim's name.

The court agreed relying on *State v. Dukowitz*, 62 Wn. App. 418, 814 P.2d 234 (1991), *review denied*, 118 Wn.2d 1031 (1992) and *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991) and reversed Plano's conviction. The court indicated that

> the basis of the court's ruling was based upon the distinguishing fact in *Dukowitz* that the victim was named; in this case, the victim was not named on the face of the charging document.

The State subsequently filed a motion for reconsideration which was denied. In its order, the court reaffirmed that "the identity of the victim in an assault charge is an essential element of the charge. . . ."

The State requested discretionary review pursuant to RAP 2.3(d).

## DECISION

In *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989), the Supreme Court considered the sufficiency of the contents of documents charging misdemeanor offenses in courts of limited jurisdiction. The court stated that

> [i]n holding that a charging document which omits a statutory element of the crime charged violates a defendant's constitutional rights, the court in [*State v.*] *Holt*[, 104 Wn.2d 315, 704 P.2d 1189 (1985)] did not distinguish between misdemeanors and felonies, nor between complaints and citations. In applying the *Holt* rule, there is no logical reason to distinguish between complaints and citations or felonies and misdemeanors. If a misdemeanor citation or complaint omits a statutory element of the charged offense, the document is constitutionally defective for failure to state an offense and is subject to dismissal.

*State v. Leach, supra* at 687. The court added that the charging document need not state the statutory elements of the offense in "the precise language of the statute, but may instead use words conveying the same meaning and import as the statutory language.'" *State v. Leach, supra* at 689 (quoting *State v. Nieblas-Duarte*, 55 Wn. App. 376, 380, 777 P.2d 583, *review denied*, 113 Wn.2d 1030 (1989)). In the case of citations, however, the court acknowledged that there was a logical basis for distinguishing between crimes charged by misdemeanor citations and those charged by complaint. The court noted that citations are generally issued by officers at the scene and "[d]efendants charged by citation are necessarily aware of the particular incidents for which officers are charging them. They presumably know the *facts* underlying their charges." *State v. Leach, supra* at 698.

■ In *Seattle v. Hein*, 115 Wn.2d 555, 799 P.2d 734 (1990), the Supreme Court issued a per curiam decision stating that

"[t]he essential elements rule, discussed in *State v. Leach*, 113 Wn.2d 679, 782 P.2d 552 (1989), applies to citations." *Seattle v. Hein, supra* at 556. The purpose of the opinion was to clarify the language in *Leach* regarding the basis for distinguishing between citations and complaints. The court wanted to make clear that a citation is held to the same standard of constitutional sufficiency as other charging documents. *See Auburn v. Brooke*, 119 Wn.2d 623, 630-31, 836 P.2d 212 (1992). The court later reaffirmed its position in *Auburn v. Brooke, supra*, in which the court explained that

> [a]lthough *Leach* stated the *facts* need not be as detailed in a citation because it is issued at the scene of the alleged crime, it did not say that a citation need not set out the essential *elements of the crime* charged.

*Auburn v. Brooke, supra* at 630. Accordingly, while a citation may not be deemed insufficient for failure to set forth the *essential facts* of the offense, it will be defective if it fails to allege the *essential elements*.

In applying the essential elements rule as articulated in *Leach*, a split of authority developed in the Divisions of the Court of Appeals. Some held that nonstatutory essential elements need not be set forth in the charging document while others held that all the essential elements, both statutory and common law, must be included in the charging document. *State v. Kjorsvik, supra* at 99. In *State v. Kjorsvik, supra*, the Supreme Court settled the question holding that

> [i]t is neither reasonable nor logical to hold that a *statutory* element of a crime is constitutionally required in a charging document, but that an *essential* court-imposed element of the crime is not required, in light of the fact that the primary purpose of such a document is to supply the accused with notice of the charge that he or she must be prepared to meet. Statutory elements are, of course, easier to ascertain since the statutes are usually cited in the charging document, whereas court-imposed elements must be discovered through at least cursory legal research. This court has stated that defendants should not have to search for the rules or regulations they are accused of violating. We therefore conclude that the correct rule is that *all* essential elements of an alleged crime must be

included in the charging document in order to afford the accused notice of the nature of the allegations so that a defense can be properly prepared.

(Footnotes omitted.) *State v. Kjorsvik, supra* at 101-02. The court noted, however, that when a challenge to the sufficiency of a charging document is raised after the verdict, the document will be more liberally construed in favor of its validity than if the challenge was raised before or during trial. *State v. Kjorsvik, supra* at 102.

In the case at bar, Plano was charged with assault in the fourth degree pursuant to RCW 9A.36.041 which states:

(1) A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.
(2) Assault in the fourth degree is a gross misdemeanor.

Plano argues that the citation charging him with assault in the fourth degree was constitutionally defective for failure to set forth the name of the victim. He cites *State v. Dukowitz, supra,* for the proposition that the name of the victim is an essential element of the charge of assault. He further notes that in *State v. Kjorsvik, supra,* the Supreme Court stated that requiring the State to allege all the essential elements of the crime, both statutory and common law, would not be "unduly burdensome since the 'to convict' instructions found in the Washington Pattern Jury Instructions — Criminal (WPIC) delineate the elements of most of the common crimes." *State v. Kjorsvik, supra* at 102 n.13. Plano points out that the WPIC for simple assault indicates that a specific victim must be named. WPIC 35.26. Neither of Plano's arguments is persuasive.

██ Contrary to Plano's assertion, *State v. Dukowitz, supra,* does not stand for the proposition that the name of the victim is an essential element of the offense of assault in the fourth degree. While the court in *Dukowitz* did address the question of the sufficiency of a complaint charging simple assault, the victim's name was specified in the amended version of the complaint and, subsequently, a deficiency in that regard was not presented. *See State v. Duko-*

*witz, supra* at 420 n.1. Accordingly, Plano's reliance upon *Dukowitz* is misplaced.

Plano's contention that the essential elements of assault in the fourth degree can be conclusively determined by reference to the applicable WPIC is also without merit. While it is correct that the court in *Kjorsvik* indicated that the State could ascertain the essential elements of a crime as delineated in the WPIC's, the court did not state that every item set forth in the WPIC's constitutes an essential element for purposes of charging.

To read the *Kjorsvik* court's statement as broadly as advocated by Plano would grant essential element status to some factors that are not essential elements. For example, the "to-convict" pattern instruction for simple assault states in subparagraph (2) "[t]hat the acts occurred in _____ County, Washington." WPIC 35.26. In *State v. McCorkell*, 63 Wn. App. 798, 822 P.2d 795, *review denied*, 119 Wn.2d 1004 (1992), this court held that the location in which an offense occurred is not an element of the crime, but rather a fact relevant to the proper venue. *State v. McCorkell, supra* at 800-01. Accordingly, simply because the WPIC's typically include venue as part of the "to-convict" instruction does not make venue an essential element for charging purposes.[1] Plano's reliance on WPIC 35.26 for the essential elements of the crime is misplaced.

In summary, Plano has failed to persuade this court that the name of the alleged victim is a statutory element of the crime of assault in the fourth degree.[2] Likewise, there does

---

[1] We note that in *State v. Davis*, 119 Wn.2d 657, 662, 835 P.2d 1039 (1992), the information charged the appellant with assault in the fourth degree stating that "the defendant Darvil [*sic*] Davis, in King County, Washington, on or about August 1, 1988, did assault Darlynn Ferguson . . .". The court stated that the information included all the statutory elements of fourth degree assault. However, the court did not consider whether some of the language in the information was surplusage.

[2] Although not cited by the parties, we note RCW 10.37.090, which is entitled "Injury to person or intention concerning", states:
     When the crime involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to

not appear to be any common law authority for the proposition that the name of the victim of an assault is an essential element. While "intent" has been added as an essential element by common law, no other common law elements have yet been recognized. *See State v. Davis*, 119 Wn.2d 657, 835 P.2d 1039 (1992) (court acknowledged common law element of intent but concluded that the various common law methods of committing assault were not essential elements). Other jurisdictions that have addressed the question have held that the name of the victim is not an essential element of the crime of assault. *See People v. Waldron*, 162 A.D.2d 485, 556 N.Y.S.2d 404 (1990) (indictment alleging crimes of assault in the first and second degrees was not impermissibly vague for failure to allege the names of the victims); *State v. Phillips*, 75 Ohio App. 3d 785, 600 N.E.2d 825 (1991) (victims' names are not an essential element of felonious assault). If Plano actually needed additional information, he could have filed a bill of particulars.[3] *State v. Holt*, 104 Wn.2d 315, 321, 704 P.2d 1189 (1985) ("the function of such a bill is to amplify or clarify particular matters essential to the defense").

The decision of the superior court is reversed and Plano's conviction is affirmed.

---

identify the act, an erroneous allegation as to the person injured or intended to be injured is not material.

While RCW 10.37.090 provides that an erroneous allegation as to the person injured is immaterial, nothing in the statute appears to *require* that a victim be named in the charging document. In fact, it would be incongruous to dismiss a criminal charge in one instance because a victim was not named while holding in another case that the State's complete misidentification of a victim was immaterial. *See State v. Chapman*, 78 Wn.2d 160, 469 P.2d 883 (1970). Accordingly, RCW 10.37.090 does not provide statutory authority for the proposition that the name of an assault victim is an essential element of the crime.

[3]Because the citation stated "Assault 4° – Domestic Violence", Plano arguably had full notice of the identity of the victim.