[No. 35065-0-I.   Division One.   August 19, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. RORY
JAMES CHATEN, *Appellant.*

*J.C. Becker* and *J.C. Becker, Inc., P.S.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Pamela K.E. Mohr* and *Peter Goldman, Deputies*, for respondent.

BAKER, C.J. — Rory Chaten appeals his conviction for second degree assault. The information which charged him with that crime did not explicitly state the necessary element of intent. Chaten argues that this omission renders the charging document constitutionally insufficient. We apply the preverdict standard of review to Chaten's challenge, but hold that the information was suf-

ficient because an assault is commonly understood to be an intentional act. The remaining issues on appeal will be addressed in the unpublished portion of this opinion.

## Sufficiency of information

Chaten asserts that the trial court should have granted his motion to dismiss after the State rested. He argues, as he did below, that the information was insufficient.

An information is constitutionally defective if it omits an essential element of the charged crime.[1] As both parties agree, intent is an essential element of the assault charge. Chaten asserts that this element was omitted.

Chaten and the State do not agree on the standard of review to be applied in this case. Chaten made his challenge immediately upon the State resting, and thus asserts that the preverdict standard of strictly construing the information should apply, while the State argues for the more liberal postverdict standard.

In a postverdict challenge, the court will liberally construe the charging document to ascertain whether it can fairly be read to include all the essential elements. If the document meets this test, the defendant must show he was nevertheless prejudiced in order to obtain a reversal. A defendant faces a more difficult postverdict burden because without it the defendant would have no incentive to raise the issue sooner, when a challenge "might only result in an amendment or a dismissal potentially followed by a refiling of the charge."[2] The postverdict standard deters defendants from waiting to see if they get an acquittal before raising the issue.

The State asserts that the postverdict standard for the challenge should be applied to a challenge made after the State has rested, because it is then unable to amend its information. This argument is not consistent with the rea-

---

[1]*State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991).

[2]*Kjorsvik,* 117 Wn.2d at 103.

soning in *Kjorsvik* because the State would be at liberty to refile a complete charge, and the defendant has not taken advantage of a "free verdict." In addition, the State's proposition was implicitly rejected by the Supreme Court in *State v. Vangerpen*.[3] In that case, as here, the sufficiency of the information was challenged after the State rested. The court determined that, because the challenge was made prior to verdict, the liberalized standard of review announced in *Kjorsvik* did not apply.

■■ We apply the preverdict standard to Chaten's challenge, but nevertheless hold that the information was sufficient. Our courts have determined, applying the more liberal postverdict analysis, that a charging document asserting an "assault" reasonably includes the element of intent.[4] The analysis in these cases supports a similar conclusion applying the more strict preverdict construction. For example, in *State v. Hopper*, 118 Wn.2d 151, 822 P.2d 775 (1992), the court stated that the term "assault" includes the element of intent, and, therefore, construed liberally also includes the knowledge element, which was an essential element in that second degree assault case. Similarly, in *State v. Dukowitz*, 62 Wn. App. 418, 814 P.2d 234 (1991), the court noted that "assault is by definition an intentional act and is commonly understood as such." Thus, the court concluded, "a document charging an assault can be 'fairly construed' as having stated the element of intent."[5] Because an assault is commonly understood as an intentional act, we hold that the information, which charged assault, did not omit the element of intent.[6]

The remainder of this opinion has no precedential value, and will not be published.

---

[3]125 Wn.2d 782, 788, 888 P.2d 1177 (1995); *State v. Tang*, 77 Wn. App. 644, 647, 893 P.2d 646, *review denied*, 127 Wn.2d 1017 (1995).

[4]*See, e.g., State v. Davis*, 119 Wn.2d 657, 663, 835 P.2d 1039 (1992); *State v. Hopper*, 118 Wn.2d 151, 158-59, 822 P.2d 775 (1992); *State v. Dukowitz*, 62 Wn. App. 418, 424, 814 P.2d 234 (1991), *review denied*, 118 Wn.2d 1031 (1992).

[5]*Dukowitz*, 62 Wn. App. at 424.

[6]*See Vangerpen*, 125 Wn.2d at 787 (noting that an information which merely names the offense charged is sufficient if the name apprises the defendant of all the essential elements).

Affirmed.

WEBSTER and BECKER, JJ., concur.