925 P.2d 631 (1996)
84 Wash.App. 85
The STATE of Washington, Respondent,
v.
Rory James CHATEN, Appellant.
No. 35065-0-I.
Court of Appeals of Washington, Division 1.
August 19, 1996.
Amended and Publication Ordered October 30, 1996.
J.C. Becker, Seattle, for Appellant.
Pamela Kay Ellis Mohr, Peter Goldman, King County Pros. Atty. Office, Seattle, for Respondent.
BAKER, Chief Judge.
Rory Chaten appeals his conviction for second degree assault. The information which *632 charged him with that crime did not explicitly state the necessary element of intent. Chaten argues that this omission renders the charging document constitutionally insufficient. We apply the pre-verdict standard of review to Chaten's challenge, but hold that the information was sufficient because an assault is commonly understood to be an intentional act. The remaining issues on appeal will be addressed in the unpublished portion of this opinion.
Sufficiency of information
Chaten asserts that the trial court should have granted his motion to dismiss after the State rested. He argues, as he did below, that the information was insufficient.
An information is constitutionally defective if it omits an essential element of the charged crime.[6] As both parties agree, intent is an essential element of the assault charge. Chaten asserts that this element was omitted.
Chaten and the State do not agree on the standard of review to be applied in this case. Chaten made his challenge immediately upon the State resting, and thus asserts that the pre-verdict standard of strictly construing the information should apply, while the State argues for the more liberal post-verdict standard.
In a post-verdict challenge, the court will liberally construe the charging document to ascertain whether it can fairly be read to include all the essential elements. If the document meets this test, the defendant must show he was nevertheless prejudiced in order to obtain a reversal. A defendant faces a more difficult post-verdict burden because without it the defendant would have no incentive to raise the issue sooner, when a challenge "might only result in an amendment or a dismissal potentially followed by a refiling of the charge."[7] The post-verdict standard deters defendants from waiting to see if they get an acquittal before raising the issue.
The State asserts that the post-verdict standard for the challenge should be applied to a challenge made after the State has rested, because it is then unable to amend its information. This argument is not consistent with the reasoning in Kjorsvik because the State would be at liberty to refile a complete charge, and the defendant has not taken advantage of a "free verdict". In addition, the State's proposition was implicitly rejected by the Supreme Court in State v. Vangerpen.[8] In that case, as here, the sufficiency of the information was challenged after the State rested. The court determined that, because the challenge was made prior to verdict, the liberalized standard of review announced in Kjorsvik did not apply.
We apply the pre-verdict standard to Chaten's challenge, but nevertheless hold that the information was sufficient. Our courts have determined, applying the more liberal post-verdict analysis, that a charging document asserting an "assault" reasonably includes the element of intent.[9] The analysis in these cases supports a similar conclusion applying the more strict pre-verdict construction. For example, in Hopper the court stated that the term "assault" includes the element of intent, and, therefore, construed liberally also includes the knowledge element, which was an essential element in that second degree assault case. Similarly, in Dukowitz the court noted that "assault is by definition an intentional act and is commonly understood as such." Thus, the court concluded, "a document charging an assault can be `fairly construed' as having stated the element of intent."[10] Because an assault is commonly understood as an intentional act, *633 we hold that the information, which charged assault, did not omit the element of intent.[11]
The remainder of this opinion has no precedential value, and will not be published.
Affirmed.
WEBSTER and BECKER, JJ., concur.
NOTES
[6] State v. Kjorsvik, 117 Wash.2d 93, 97, 812 P.2d 86 (1991).
[7] Kjorsvik, 117 Wash.2d at 103, 812 P.2d 86.
[8] 125 Wash.2d 782, 788, 888 P.2d 1177 (1995); State v. Tang, 77 Wash.App. 644, 647, 893 P.2d 646, review denied, 127 Wash.2d 1017, 904 P.2d 299 (1995).
[9] See, e.g., State v. Davis, 119 Wash.2d 657, 663, 835 P.2d 1039 (1992); State v. Hopper, 118 Wash.2d 151, 158-59, 822 P.2d 775 (1992); State v. Dukowitz, 62 Wash.App. 418, 424, 814 P.2d 234 (1991), review denied, 118 Wash.2d 1031, 828 P.2d 563 (1992).
[10] Dukowitz, 62 Wash.App. at 424, 814 P.2d 234.
[11] See Vangerpen, 125 Wash.2d at 787, 888 P.2d 1177 (noting that an information which merely names the offense charged is sufficient if the name apprises the defendant of all the essential elements).