[No. 20956-0-II.   Division Two.   July 17, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. CASSANDRA LYNN TAYLOR, *Petitioner.*

*Lise Ellner* of *Department of Assigned Counsel*, for petitioner (appointed counsel for appeal).

608

*John W. Ladenburg, Prosecuting Attorney,* and *Daniel P. Kinnicutt, Deputy,* for respondent.

MORGAN, J. — In May 1995, the State filed a complaint charging Cassandra Taylor with fourth degree assault. The State failed to expressly allege intent, a well-settled element of the crime.[1]

In July 1995, just before trial started, Taylor moved to dismiss the complaint. Citing *State v. Robinson,*[2] she argued that "the complaint is constitutionally defective" because "[i]t doesn't contain all the essential elements of the crime charged."[3] The prosecutor argued that the complaint was sufficient as it was. The district court denied the motion, and the jury later convicted. Taylor appealed to the superior court, which affirmed. Taylor then sought discretionary review by this court, which was granted.

On appeal, it is undisputed that an information charging fourth degree assault must allege the element of intent.[4] It is also undisputed that an express allegation of intent was omitted from the information in this case. The only question is whether an allegation of intent may be implied from an allegation of assault.

■ The rules on when an element may be implied vary according to when the defendant moves to dismiss. If he or she moves to dismiss before trial, the charging document

[1]*See State v. Davis,* 119 Wn.2d 657, 662, 835 P.2d 1039 (1992).

[2]58 Wn. App. 599, 606-07, 794 P.2d 1293 (1990), *review denied,* 116 Wn.2d 1003 (1991).

[3]Report of Proceedings (July 19, 1995).

[4]*Davis,* 119 Wn.2d at 662.

must be strictly construed, as set forth in *State v. Johnson*.[5] If he or she moves to dismiss after verdict, the charging document may be liberally construed, as set forth in *State v. Kjorsvik*.[6] Taylor moved to dismiss before trial, so *Johnson* applies here.

In *Johnson*, the Supreme Court refused to imply "the requisite criminal intent" from an express allegation that the petitioner had "unlawfully deliver[ed] a controlled substance."[7] Instead, it established "[a] bright line rule mandating dismissal [without prejudice] of defective informations challenged before trial."[8] It felt such a rule to be workable and not unduly harsh, because such informations are easily amended before trial.[9] The court specifically rejected the State's contention that "the defendants had notice of [the knowledge] element because the word 'unlawfully' conveyed the same meaning and import as would have 'knowingly.' "[10]

In *State v. Robinson*,[11] a fourth degree assault case decided before *Kjorsvik* and *Johnson*, Division One in effect applied the rule of strict construction later announced in *Johnson*. The citation issued to the defendant read, "9A.36.041 Assault 4th (police officer)."[12] The defendant "contend[ed] that the citation . . . was constitutionally defective because it did not contain the essential element of intent."[13] The court refused to imply the missing element of intent from word assault, ruling instead:

Because the citation did not contain an essential element of

[5]119 Wn.2d 143, 149-50, 829 P.2d 1078 (1992).

[6]117 Wn.2d 93, 104, 812 P.2d 86 (1991).

[7]*Johnson*, 119 Wn.2d at 149-50.

[8]*Id.* at 150.

[9]*Id.*

[10]*Id.* at 147-48.

[11]58 Wn. App. 606.

[12]*Id.*

[13]*Id.*

the crime, it did not state a charge on which Robinson could be tried and convicted. The conviction must therefore be reversed and the case dismissed.[14]

*Robinson* would be decided differently today, because it involved a postverdict challenge that would today fall under the liberalized standard of *State v. Kjorsvik.* Nonetheless, its reasoning demonstrates well that an allegation of intent will not be implied from an allegation of assault when a court is applying a standard of strict construction.

In *State v. Chaten,*[15] a fourth degree assault case decided after both *Kjorsvik* and *Robinson,* Division One did not mention or cite *Robinson* and *Johnson.* It merely applied *Kjorsvik,* even though the defendant had made his motion to dismiss before trial. Relying on *Davis,*[16] *State v. Hopper,*[17] and *State v. Dukowitz,*[18] all of which involved postverdict motions, and thus *Kjorsvik*'s standard rather than *Johnson*'s standard, the court implied an allegation of intent from an express allegation of assault in a manner that seems to us to be contrary to *Johnson.*

Based on these interesting if not conflicting cases, we reach the following conclusions: (1) *Chaten* is not persuasive, because it fails to acknowledge *Robinson* or *Johnson,* and is contrary to *Johnson.* (2) *Robinson* reached a correct result with respect to cases in which the defendant first moves to dismiss *before* trial, although, as it later turned out under *Kjorsvik,* an incorrect result with respect to cases in which the defendant first moves to dismiss *after* trial. (3) *Johnson* controls over either *Chaten* or *Robinson,* because a decision by the Supreme Court takes precedence over a decision by the Court of Appeals. (4) By analogy to *Johnson,* which holds that a court is not to imply an allegation of

[14]*Id.* at 606-07.

[15]84 Wn. App. 85, 925 P.2d 631 (1996).

[16]119 Wn.2d 657.

[17]118 Wn.2d 151, 822 P.2d 775 (1992).

[18]62 Wn. App. 418, 814 P.2d 234 (1991), *review denied,* 118 Wn.2d 1031 (1992).

"the requisite criminal intent" from an express allegation that the defendant "unlawfully" delivered a controlled substance, provided that the defendant moves to dismiss before trial, a court is not to imply an allegation of "the requisite criminal intent" from an allegation of "assault," so long as the defendant first moved to dismiss before trial. One reason is that both the prosecutor and defense counsel are expected to know the elements of the charged crime, and the prosecutor should move to amend as soon as he or she is advised by a pretrial defense motion that an element of the crime is missing from the charging document. Another reason is that if we were to rule otherwise in this misdemeanor assault case, we would soon be asked to imply, in a felony assault case, a similar but different mental state like recklessness or knowledge.[19] As we read *Johnson*, it establishes a clear, bright-line rule that a court may not imply a missing element so long as the defense, by motion made before trial, calls the omission of such element to the attention of the State.

Applying *Johnson* here, because Taylor moved to dismiss before trial, we decline to imply an allegation of intent from an allegation of assault. It follows that the charging document is defective, and that Taylor's motion to dismiss should have been granted without prejudice.

HOUGHTON, C.J., concurs.

ARMSTRONG, J. (dissenting) — I respectfully dissent. In *State v. Johnson*, 119 Wn.2d 143, 150, 829 P.2d 1078 (1992), the Supreme Court, applying a pretrial strict construction, held that in a charge of " 'unlawfully deliver[ing] a controlled substance', the informations failed to contain language clearly suggesting the requisite criminal intent[,]" i.e., knowledge of the nature of the substance. *Johnson*, 119 Wn.2d at 150. The question here is whether, under the same strict construction, a charge of "assault" clearly suggests an "intentional" act. I believe that it does.

[19]See RCW 9A.36.021.

The Supreme Court has held that the term "assault" by itself conveys an intentional or knowing act. *State v. Hopper*, 118 Wn.2d 151, 822 P.2d 775 (1992), *cited with approval in State v. Moavenzadeh*, 135 Wn.2d 359, 956 P.2d 1097, 1099 (1998). Although *Hopper* was a postconviction challenge to the charging document, the analysis turned upon the meaning of the single word "assault." Because of this, we need not apply a liberal construction to the charging document to see "if the necessary facts appear in any form, or by a fair construction can be found within the terms of the charge." *State v. Kjorsvik*, 117 Wn.2d 93, 104, 812 P.2d 86 (1991). In short, if the single word "assault" defines an intentional act postconviction, it surely does so preconviction as well.

Although Division One did not cite *Johnson* in *State v. Chaten*, 84 Wn. App. 85, 925 P.2d 631 (1996), they applied the preverdict standard of review and concluded that "an assault is commonly understood to be an intentional act." *Id.* at 86. I agree.

I would affirm the conviction.

Review granted at 137 Wn.2d 1007 (1999).