[No. 42865-9-I.   Division One.   August 23, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. AARON EDWARD BORRERO, *Appellant*.

---

[7]*S&H Riggers*, 672 F.2d at 429.

*David B. Koch* of *Nielsen, Broman & Associates, P.L.L.C.,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Lee D. Yates, Deputy,* for respondent.

Cox, J. — Aaron Borrero appeals his conviction for attempted murder in the first degree. He claims that the omission from the information of a definition of "attempt" renders the information constitutionally infirm. Because, under the strict construction standard, the information set forth the essential elements of the crime, it was constitutionally sufficient. We affirm.

In March 1997, Leslie Lemieux delivered a duffel bag filled with 30 pounds of marijuana to Kyle Anderson's house. When Lemieux walked into Anderson's house, Borrero and Michael Vaughn put guns to his chest and head. After forcing Lemieux to the ground, Borrero tied his hands and feet, bound his hands and feet together, and blindfolded him. Borrero and Vaughn then stuffed Lemieux in a duffel bag and carried him out to his vehicle.

Anderson, Borrero, and Vaughn drove off in three separate vehicles. Vaughn drove Lemieux's car with Lemieux stuffed in the back. After several hours of driving, Borrero and Vaughn stopped near the Yakima River. They took Lemieux out of his car and dumped him into the river. After watching him float away, Vaughn and Borrero left. Lemieux eventually managed to get out of the river and find safety. The police arrested Borrero in California two months later.

The State initially charged Borrero, Anderson, and Vaughn with kidnapping in the first degree and assault in the first degree. Vaughn negotiated a plea agreement with the State. Under the terms of that agreement, he pleaded guilty to one count of first degree kidnapping in exchange for testifying truthfully against Borrero and Anderson. By amended information filed more than four months before trial, the State increased the first degree assault charge against Borrero and Anderson to first degree attempted murder.

Borrero and Anderson were tried separately. The jury

convicted Borrero of first degree kidnapping and first degree attempted murder.

Borrero appeals.

## Sufficiency of Information

Borrero contends that the trial court deprived him of a fair trial when it denied his motion to dismiss based on the alleged inadequacy of the information. His focus in the briefs is on the omission of a definition of "attempt" in the amended information. We reject this argument.

■■■ Both the state and federal constitutions guarantee a criminal defendant the right to know the charge against him.[1] To be constitutionally adequate, a charging document must identify the crime charged and allege facts supporting every element of that crime.[2] A charging document that is challenged before entry of the verdict is strictly construed to ensure that it sets forth all of the "essential elements," statutory and nonstatutory, of the crime charged.[3] "Merely citing to the proper statute and naming the offense [are] insufficient to charge a crime unless the name of the offense apprises the defendant of all of the essential elements of the crime."[4] The remedy for an insufficient charging document is dismissal without prejudice to the State's refiling a constitutionally adequate information.[5]

Both parties agree that the controlling standard here requires us to strictly construe the information. There can be no other conclusion because Borrero challenged the amended information before the jury verdict.[6] Applying the strict construction standard, our Supreme Court in *Johnson*

---

[1] U.S. CONST. amend. VI; CONST. art. I, § 22 (amend. 10).

[2] *State v. Leach*, 113 Wn.2d 679, 689-90, 782 P.2d 552 (1989).

[3] *State v. Johnson*, 119 Wn.2d 143, 150, 829 P.2d 1078 (1992).

[4] *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995).

[5] *Id.* at 792-93.

[6] *Johnson*, 119 Wn.2d at 150.

found an information constitutionally deficient because it failed to state the knowledge element of unlawful delivery of a controlled substance.[7] The court rejected the State's argument that the word "unlawfully" had the same meaning as "knowingly."[8] Applying the same strict standard in *Vangerpen*, our Supreme Court determined that an information charging first degree murder was deficient because it failed to set forth the essential element of premeditation.[9]

■ Borrero challenges the portion of the information dealing with the first degree attempted murder charge. It states:

> That the defendants . . . in King County, Washington on or about March 19, 1997, with premeditated intent to cause the death of another person did attempt to cause the death of Leslie Lemieux, a human being:

> Contrary to RCW 9A.28.030 [sic], 9A.32.030(1)(a), and against the peace and dignity of the State of Washington.

Borrero argues that the information was constitutionally inadequate because it failed to state that "attempt" requires a "substantial step" toward committing the charged crime.[10] Thus, the question we must decide is whether the word "attempt," as commonly understood, meets constitutional muster.

Two dictionaries set forth the commonly understood meanings of "attempt": "[t]o make an effort; endeavor

---

[7]*State v. Johnson*, 119 Wn.2d 143, 150, 829 P.2d 1078 (1992).

[8]*Id.* at 147, 150.

[9]*State v. Vangerpen*, 125 Wn.2d 782, 790, 888 P.2d 1177 (1995); *see also State v. Ralph*, 85 Wn. App. 82, 86, 930 P.2d 1235 (1997); *State v. Bacani*, 79 Wn. App. 701, 705, 902 P.2d 184 (1995) (applying strict construction and reluctantly concluding that, under the rule of a 1903 Supreme Court case, the word "steal" was insufficient to convey an essential element of the theft charge, i.e., "property of another"), *review denied*, 129 Wn.2d 1001 (1996).

[10]*See* RCW 9A.28.020.

. . . [t]o try to perform, make, or achieve"[11] and "to make an effort to do, accomplish, solve, or effect."[12] These definitions give notice of the meaning of attempt without the necessity of also stating the statutory term "substantial step."

*State v. Chaten*[13] is also instructive. There, we applied a strict construction standard and held that the term "assault," standing alone, conveyed the essential element of intent. In reaching that conclusion, we stated:

> Because an assault is commonly understood as an intentional act, we hold that the information, which charged assault, did not omit the element of intent.[14]

The *Chaten* approach is equally applicable here. Just as the word assault, standing alone, adequately conveys the element of intent, so too does the word "attempt," standing alone, convey the element of "substantial step." The use of the word "attempt" in the information gave Borrero the constitutionally required notice of the crime charged.

Our conclusion is also buttressed by this court's ruling in *State v. Rhode*.[15] That case involved a postverdict challenge and, thus, required us to apply a liberal rather than a strict construction. Nonetheless, we conclude that the rationale of *Rhode* applies here because our focus there, as here, was solely on the meaning of the word "attempt." In *Rhode*, we concluded that the word "attempt" as used in the first degree felony murder statute sufficiently apprised the defendant of the "substantial step" element. Specifically, we

---

[11]AMERICAN HERITAGE DICTIONARY 119 (3d ed. 1992).

[12]WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 140 (1993).

[13]84 Wn. App. 85, 86, 925 P.2d 631 (1996).

[14]*Chaten*, 84 Wn. App. at 87; *but see State v. Taylor*, 91 Wn. App. 606, 610-11, 958 P.2d 1032 (1998) (criticizing *Chaten* and holding that, strictly construed, "assault" does *not* convey the essential element of "intent"), *review granted*, 137 Wn.2d 1007 (1999).

[15]63 Wn. App. 630, 636, 821 P.2d 492 (1991), *review denied*, 118 Wn.2d 1022 (1992).

stated that the term "attempt" "encompasses the statutory definition including the substantial step element."[16]

In *State v. Moavenzadeh*,[17] our Supreme Court referred to *Rhode*, stating, "Unlike the term 'attempt,' however, 'conspiracy' does not, by itself, suggest that there must be conduct which would constitute a substantial step toward the completion of a crime."[18] We conclude that our Supreme Court's reference to *Rhode* tacitly approves the approach we take here.

At oral argument, Borrero first invited our attention to *State v. Dent*.[19] He cites that case for the proposition that the "substantial step" requirement for attempt is different than the "substantial step" requirement for conspiracy.[20] But that case dealt with the language of a jury instruction, not an information. The purpose of a jury instruction is to provide the jury with the applicable law to be applied in the case. On the other hand, the purpose of an information is to give a defendant notice of the crime with which he or she is charged. Because of these different purposes, jury instructions must necessarily contain more complete and precise statements of the law than are required in an information. Therefore, *Dent*'s holding has no relevance here.

Borrero also contends that the information was constitutionally deficient because it contained an error in a numerical statutory citation. A scrivener's error in an information is not a basis for reversal absent a showing of prejudice to the defendant.[21]

Here, the information improperly cited RCW 9A.28.030, which defines criminal solicitation, rather than RCW 9A.28-

---

[16]*Rhode*, 63 Wn. App. at 636.

[17]135 Wn.2d 359, 956 P.2d 1097 (1998).

[18]*Moavenzadeh*, 135 Wn.2d at 364 (citing *Rhode*, 63 Wn. App. at 636).

[19]123 Wn.2d 467, 869 P.2d 392 (1994).

[20]RCW 9A.28.040(1).

[21]*Vangerpen*, 125 Wn.2d at 787-88; CrR 2.1(a)(1) (error in the citation not grounds for dismissal of an information or reversal of a conviction if the error did not mislead the defendant to the defendant's prejudice).

.020, which defines criminal attempt. But because the information properly apprised Borrero of the essential elements of the crime charged, there is no prejudice from this typographical error.

The information is constitutionally adequate.

We affirm the judgment and sentence.

The remainder of this opinion has no precedential value and will not be published.[22]

KENNEDY, C.J., and AGID, J., concur.

Petition for review granted and case remanded at 141 Wn.2d 1010 (2000).