996 P.2d 571 (2000)
140 Wash.2d 229
STATE of Washington, Petitioner,
v.
Cassandra Lynn TAYLOR, Respondent.
No. 67105-2.
Supreme Court of Washington, En Banc.
Argued February 15, 2000.
Decided March 30, 2000.
*572 John Ladenburg, Pierce County Prosecutor, Michael Lee Sommerfeld, Deputy, Tacoma, for Petitioner.
Dept. of Assigned Counsel, Lise Ellner, Tacoma, for Respondent.
SMITH, J.
Petitioner State of Washington seeks review of a decision by the Court of Appeals, Division Two, reversing an order of the Pierce County Superior Court which affirmed a Pierce County District Court conviction of Respondent Cassandra Lynn Taylor and denial by the District Court of her motion to dismiss the charge of assault in the fourth degree. The Court of Appeals reasoned that the charging document was defective because the essential element of "intent" could not be implied in the complaint charging Respondent with assault in the fourth degree inasmuch as she moved to dismiss the charge before trial. We granted review. We reverse.

QUESTION PRESENTED
The question presented in this case is whether a criminal complaint charging assault in the fourth degree is constitutionally sufficient, under a strict standard of construction, if the complaint does not explicitly allege the essential element of "intent."

STATEMENT OF FACTS
On April 28, 1995, Respondent Cassandra Lynn Taylor and William Ide, Jr. engaged in an argument and physical altercation. Respondent was later arrested at her residence and taken into custody.
On April 28, 1995 at approximately 7:45 p.m., Kyle W. Ide, the two-year-old son of William Ide, Jr. and Yvonne Caceres, was standing on the patio of their next door neighbor, Respondent Cassandra Lynn Taylor. Because the child had chickenpox, Respondent in loud harsh words demanded that the "diseased" child be taken away from her property which was immediately adjacent to the child's mother's residence in a four plex apartment. In an angry verbal exchange, Mr. Ide called Respondent a "black bitch." She then pushed him from her patio as he held his son in his arms. Mr. Ide testified that she then struck him in the face with her fist and kicked him. In her testimony, Respondent denied kicking and striking him, but stated that he first struck *573 her. He denied it. Witnesses testified in support of his version.
Pierce County Deputy Sheriff Darrell Shuey responded to a 911 call after the incident. He interviewed Mr. Ide, Ms. Caceres, other witnesses, and Respondent Taylor. He determined Respondent was the "primary aggressor" and arrested her at her apartment.[1]
On May 1, 1995, the Pierce County Prosecuting Attorney filed a criminal complaint in Pierce County District Court Number One charging Respondent Cassandra Lynn Taylor with one count of assault in the fourth degree in violation of RCW 9A.36.041. The complaint read:[2]
I, JOHN W. LADENBURG, Prosecuting Attorney for Pierce County, in the name and by the authority of the State of Washington, do accuse CASSANDRA TAYLOR of the crime of ASSAULT IN THE FOURTH DEGREE [GROSS MISDEMEANOR], as follows:
That CASSANDRA TAYLOR, in Pierce County, Washington, on or about the 28 day of April, 1995, did commit the following offense at 4507 76TH AVENUE WEST # 1, PIERCE COUNTY: RCW 9A.36.041, ASSAULT IN THE FOURTH DEGREE [GROSS MISDEMEANOR]: under circumstances not amounting to assault in the first, second, or third degree, did assault WILLIAM IDE by PUSHING, KICKING AND PUNCHING THE VICTIM IN THE FACE.[[3]]
On June 1, 1995, Respondent filed a Notice of Special Defense under Criminal Rule of Courts of Limited Jurisdiction (CrRLJ) 4.7, claiming "Defense of self, person and/or property."[4] On July 19, 1995, before the Honorable John A. McCarthy, Respondent prior to voir dire made an oral motion to dismiss on the ground that the complaint was constitutionally defective.[5] Specifically, Respondent claimed the complaint was insufficient because it did not explicitly allege "intent," an essential element of the crime of assault in the fourth degree. The Prosecuting Attorney asserted the charging language was sufficient and chose not to amend the complaint. The motion to dismiss was denied prior to trial.[6] On July 25, 1995, after a three-day jury trial, Respondent was found "guilty" of assault in the fourth degree.[7]
Respondent appealed her conviction to the Pierce County Superior Court on July 27, 1995.[8] On July 12, 1996, the Honorable Rosanne Buckner affirmed Respondent's conviction of assault in the fourth degree, stating "[a] strict reading of the complaint is necessary. However, ... exact words of intent are [not] necessary as long as we have language,... indicat[ing] an assault by pushing, kicking, and punching the victim, which clearly implied the necessary element of intent."[9]
*574 On July 26, 1996, Respondent filed a notice of appeal to the Court of Appeals, Division II.[10] Commissioner Donald G. Meath granted discretionary review under Rule of Appellate Procedure (RAP) 2.3(d) on November 15, 1996.[11] On July 17, 1998, the Court of Appeals, Division Two, reversed Respondent's conviction upon concluding the complaint charging her with assault in the fourth degree was defective. In reversing the conviction, the Court of Appeals, the Honorable J. Dean Morgan writing, concluded that "an allegation of intent will not be implied from an allegation of assault when a court is applying a standard of strict construction."[12]
Respondent State of Washington then sought review by this Court, which was granted on February 2, 1999.[13] The case proceeded to oral argument on June 8, 1999, but the Court[14] on November 4, 1999 ordered a rehearing.[15] The case is now before the Court upon the rehearing which occurred on February 15, 2000.

DISCUSSION
Petitioner State of Washington contends the trial court properly denied Respondent Cassandra Lynn Taylor's motion to dismiss the charge of assault in the fourth degree because the complaint as written contained all the essential elements of the crime. Petitioner argues the term "assault" is commonly understood as an intentional act and cites the decision of the Court of Appeals, Division One, in State v. Chaten[16] as authority for its position. Respondent, to the contrary, asserts the analysis by the Court of Appeals, Division Two, in this case is a better statement of the law. The Court of Appeals, Division Two, concluded the charging document is constitutionally defective because the essential element of "intent" is not expressly alleged in the complaint; and since the sufficiency of the complaint was challenged prior to trial, the word "assault" must be strictly construed in favor of invalidating the charge against Respondent. The court granted her motion to dismiss without prejudice.
We granted review because there is a conflict between decisions of Divisions One and Two on this issue.[17]
"[A] charging document is constitutionally adequate only if all essential elements of a crime, statutory and non-statutory, are included in the document so as to apprise the accused of the charges against [the accused] and to allow the [accused] to prepare a defense."[18] However, "[m]erely citing ... the proper statute and naming the offense is insufficient to charge a crime unless the name of the offense apprises the defendant of all of the essential elements of the crime."[19] The charging document need not state the statutory elements of the offense in the precise language employed in the statute, but may "use words conveying the same meaning and import as the statutory language."[20]
The rule that a charging document must include all essential elements of a crime is grounded in the constitutional requirement that defendants be informed of the nature and cause of the accusation against them, in addition to due process concerns regarding *575 notice.[21] The rule is based upon state and federal constitutional law and court rule.[22] Washington Constitution, article 1, section 22 (amendment 10) provides in pertinent part that "[i]n criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation against [the accused], ..." United States Constitution, Amendment 6 provides in part: "In all criminal prosecutions, the accused shall ... be informed of the nature and cause of the accusation; ..." CrR 2.1(a)(1) provides in part that "the ... information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."
The "primary goal" of the "essential elements rule" is to give a defendant notice of the nature of the crime charged so the defendant would be able to prepare to defend against the charge.[23] The rule ensures that the defendant would be apprised "with reasonable certainty" of the nature of the crime charged.[24] "[C]harging instruments which fail to set forth the essential elements of a crime in such a way that the defendant is notified of both the illegal conduct and the crime with which [the defendant] is charged are constitutionally defective, and require dismissal."[25] The remedy for an insufficient charging document is reversal and dismissal of the charges without prejudice to the State.[26]
A common acceptable definition of "assault" is that stated in Black's Law Dictionary: "An intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward [the] person of another, under such circumstances as create well-founded fear of imminent peril, coupled with apparent present ability to execute attempt, if not prevented."[27]
The standard of review for evaluating the sufficiency of a charging document is determined by the time at which the motion challenging its sufficiency is made. When a challenge is made for the first time after verdict, the charging documents must be construed liberally in favor of validity.[28] Under the liberal standard of construction, a court has "considerable leeway to imply the necessary allegations from the language of the charging document."[29] In contrast, when a defendant challenges the sufficiency of a charging document before verdict, the charging language must be strictly construed.[30] The charging documents must be reviewed to determine whether there is "language clearly suggesting the requisite criminal intent."[31] Defective complaints or informations challenged before trial must be dismissed under the "bright line rule" established in State v. Johnson[32] which states:
While it is true informations challenged for the first time after verdict are reviewed for validity under a liberal standard, the same is not true for informations challenged, as these were, before trial. The charging documents in these cases are not to be examined to determine whether the missing elements appear in any form, or by fair construction can be found, and the language must not be "inartful or *576 vague" with respect to the elements of the crime. Rather, due to the context of a pretrial challenge, we construe the charging language strictly[.]
(Citations omitted.)
The question whether a charging document alleging "assault" is sufficient to convey the necessary element of "intent" when reviewed under the strict standard of construction was initially addressed by the Court of Appeals, Division One, in State v. Chaten.[33] In that case, the court concluded that a charging document alleging assault in the second degree without expressly alleging the essential element of "intent" was constitutionally sufficient, even under strict pre-verdict construction. "Because an assault is commonly understood as an intentional act," a mere allegation of assault does not, by definition, omit the element of intent.[34] In Chaten, the court relied upon analogous cases applying the liberal standard of construction for post-verdict challenges to charging documents, but nonetheless concluded "[t]he analysis in these cases supports a similar conclusion applying the more strict preverdict construction."[35] Divisions One and Two of the Court of Appeals have followed the reasoning of State v. Chaten in at least one published opinion and several unpublished opinions.[36]
The conclusion of Division One in State v. Chaten was based in part upon the decisions of this Court in State v. Hopper[37] and State v. Davis.[38] The defendants in both cases challenged the charging documents for the first time on appeal, thus invoking the rule of liberal construction. However, in both cases this Court concluded that a charging document alleging "assault" was sufficient to convey the essential element of "knowledge" or "intent," based upon the common understanding of the term "assault."[39] In State v. Hopper, this Court concluded "the term `assault' contains within it the concept of knowing conduct."[40] Similarly, in State v. Davis, a case involving assault in the fourth degree as in this case, this Court determined that the charging document was constitutionally sufficient even though it alleged only that the defendant had assaulted the victim without any other specific allegations.[41]
Despite this Court's consistent interpretation of the word "assault," Respondent asserts that an "assault" need not necessarily be an intentional act.[42] She argues that because assault may be nonintentional, a charging document alleging assault necessarily must expressly allege intent. As support for this, Respondent asserts that Washington and seventeen other states have defined some degrees of assault arising out of criminally negligent conduct.[43] However, the fact that assault may be nonintentional in some limited instances does not alter the fact that assault in most instances is commonly understood to be an intentional act. Respondent's argument does not take into consideration this Court's consistent interpretation of *577 "assault" which defines it as an intentional act.
The Court of Appeals, Division Two, in this case did not address Respondent's argument concerning nonintentional assault, but nevertheless declined to follow the Division One decision in State v. Chaten and other Washington cases interpreting "assault" under a liberal standard of construction. Instead, Division Two concluded that "an allegation of intent will not be implied from an allegation of assault when a court is applying a standard of strict construction."[44] The court justified its decision on several grounds. It observed that State v. Chaten did not refer to State v. Johnson, a case involving a pre-verdict challenge to a charging document alleging unlawful delivery of a controlled substance. It concluded that the Division One decision in Chaten incorrectly applied the liberal standard of review to the charging document instead of applying the strict standard of review as was applied in State v. Johnson.[45]
Actually Division One in State v. Chaten did apply the strict standard of construction even though the court did not mention State v. Johnson by name. The court in Chaten discussed the distinction between the strict standard of construction and the liberal standard of construction. In that case the State argued that the liberal standard applied when a defendant made a challenge after the State rested.[46] After rejecting that argument, the court stated it applied the strict pre-verdict standard to the challenge by Defendant Chaten.[47] Additionally, although the court's decision was based upon cases decided under the liberal standard of construction, Division I acknowledged it rested its decision upon those cases because their analysis supported a similar conclusion applying a strict pre-verdict construction.[48]
Division Two in this case also observed that the court in State v. Chaten did not mention State v. Robinson.[49] In Robinson, the Court of Appeals, Division One, dismissed a fourth degree assault charge against the defendant because the charging document did not contain the element of intent.[50] While Division Two in this case correctly observed that Robinson is inconsistent with Chaten, courts have not generally followed Robinson and have called the decision into question. As observed in State v. Craven,[51]Robinson was decided prior to publication of significant Supreme Court cases relating to the sufficiency of charging documents.[52]
The Court of Appeals in this case also rested its conclusion on State v. Johnson.[53] In that case, this Court held that a charging document merely alleging that a defendant "unlawfully" delivered a controlled substance was insufficient since it did not expressly allege the defendant had knowledge of the illegal nature of the substance.[54] Because the charging document in Johnson did not contain express language alleging the requisite criminal intent, the charges against the defendant were dismissed.[55] Division Two analogized this case to State v. Johnson and concluded that if a court cannot imply an allegation of "the requisite criminal intent" from an allegation of "unlawfully" under the strict construction standard, then a court cannot imply "the requisite criminal intent" from the term "assault."[56]
As Petitioner correctly argues, however, State v. Johnson is not dispositive of the issue in this case.[57] The defendant in Johnson *578 was charged with unlawful delivery of a controlled substance, which requires knowledge of the identity of the product being delivered.[58] In this case, Respondent Taylor was charged with assault in the fourth degree, which requires only intent without a requirement of knowledge.
The conclusion of the Court of Appeals in this case suggests its reluctance to imply an allegation of intent from a mere allegation of assault. According to Division Two, Johnson prohibits a court from adding a missing element to a charging document by implication when a defendant objects to the omission before trial.[59] But in this case the complaint stated that Respondent committed the assault by "pushing, kicking and punching the victim in the face." This is more than a mere allegation of assault. It declares intentional acts which constituted the assault.
A court does not imply an additional element in a charging document when it concludes that an allegation of intent is implicitly conveyed in a charge of assault under the plain meaning of the charge. Contrary to Respondent's assertions, Division One in State v. Chaten did not "blur the distinction" between strict and liberal standards of review, but instead logically applied a uniform definition to the word "assault" contained in the charging document.
Application of a strict standard of review does not alter the plain meaning of "assault." This Court has held that the word "assault" conveys an intentional or knowing act. Applying the different standards of construction requires the court to judge the sufficiency of the charging documents as a whole with different levels of scrutiny, but the standards do not require the court to give words different meanings depending upon the standard of construction applied. Concluding that an allegation of assault is constitutionally sufficient under the strict standard of construction is consistent with other cases construing the sufficiency of charging documents. For example, in State v. Tunney,[60] this Court determined that a charging document which alleged the defendant assaulted a police officer was constitutionally sufficient, under the liberal standard of construction, to imply that the defendant knew his victim was a police officer.[61] The Court of Appeals has also concluded, under the strict standard of construction, that the word "steal" contained in a charging document may be sufficient to convey the intent to deprive.[62]
The charging document in this case contained language indicating intentional conduct. The complaint alleged that Respondent committed assault in the fourth degree by "pushing, kicking and punching the victim in the face."[63] Under either the strict standard of construction or the liberal standard of construction, the words of a charging document are viewed as a whole and construed according to common sense.[64] With some analogy to the words used in the complaint in this case, this Court has determined that the words "beaten," "struck," and "kicked" all "describe acts which are intentional, as opposed to accidental."[65]
Respondent filed a Notice of Special Defense under CrRLJ 4.7(b)(1)(vii) claiming "Defense of self, person and/or property" which indicated a contemplated defense that Respondent was attacked first. The language of the entire complaint and the notice of special defense claiming self-defense are consistent with our conclusion that the charging document, the criminal complaint, was sufficient to indicate implicitly the intent element of the crime of assault in the fourth degree.[66]

*579 SUMMARY AND CONCLUSIONS

Under the essential elements rule, to be constitutionally adequate, a charging document must include all essential elements of a crime, statutory and nonstatutory. The charging document need not recite the statutory elements of the offense in the precise language of the statute, but may use words which convey the same meaning and import as the statutory language.
The standard of review for evaluating the sufficiency of a charging document is determined by the time at which the motion challenging the sufficiency of the document is made. When a defendant challenges the sufficiency of a charging document for the first time after verdict, the document must be construed liberally in favor of validity. But challenges made prior to verdict require strict construction of the charging language which may lead to a conclusion in favor of the challenger.
The question whether a charging document alleging "assault" is sufficient to convey the necessary element of "intent" when reviewed under the strict standard of review was first addressed by the Court of Appeals, Division One, in State v. Chaten. In that case, the court relied upon this Court's interpretation of the word "assault" as being commonly understood as an intentional act.
In this case, Respondent relies upon the conclusion of the Court of Appeals, Division Two, that the charging document was defective because the essential element of "intent" could not be implied from an allegation of assault in a complaint charging Respondent with assault in the fourth degree when she moved to dismiss the charge before trial. However, a court need not supply an additional element in a charging document by implication when it concludes that an allegation of assault by its plain meaning conveys an allegation of intent.
Application of a strict standard of review does not alter the plain meaning of "assault." This Court has held that the word "assault" conveys an intentional or knowing act. Applying the different standards of construction requires that the sufficiency of a charging document be determined by considering the document as a whole with different levels of scrutiny. But the standards do not require that the words be given different meanings based upon the standard of construction applied. In addition to concluding the word "assault" implies the element of intent, we conclude the language of the entire complaint in this case conveys intent by its specification that Respondent committed an assault by "pushing, kicking and punching the victim in the face." One does not, without intent, push, kick or punch another.
We conclude that the allegation of assault in the fourth degree in this case is constitutionally sufficient under the strict standard of construction. We disagree with the Court of Appeals.
We reverse the decision of the Court of Appeals, Division Two, and affirm the Pierce County District Court and the Pierce County Superior Court in the conviction of Respondent Cassandra Lynn Taylor based upon a finding that, under a strict standard of construction, the charging document alleging assault in the fourth degree that does not explicitly state the essential element of "intent" was sufficient to withstand a challenge brought before verdict.
GUY, C.J., TALMADGE, IRELAND, and BRIDGE, JJ., concur.
JOHNSON, J. (dissenting).
Our cases interpreting the Washington Constitution require the State to include all elements of an offense in the charging document. State v. Kjorsvik, 117 Wash.2d 93, 97, 812 P.2d 86 (1991) (citing Const. art. I, § 22 (amend.10)). When challenged pre-verdict, as here, the law further mandates strict construction of the charging document. State v. Johnson, 119 Wash.2d 143, 149-50, 829 P.2d 1078 (1992). Although the majority acknowledges this rule of strict construction, it fails to apply the rule or adequately explain why it does not. While I agree with the majority that intent is a required element of fourth degree assault, I disagree with the majority's conclusion that the information in this case contained this element.
In Johnson, we were faced with a pre-verdict challenge to an information that did *580 not state the required element of "knowledge," but merely alleged the defendants "unlawfully" delivered a controlled substance. Johnson, 119 Wash.2d at 149-50, 829 P.2d 1078. Because the challenge in that case was made before trial or plea, we reversed the conviction. Johnson, 119 Wash.2d at 150-51, 829 P.2d 1078.
We stated, "[w]hether motivated by obstinacy or advocacy, the State failed to take advantage of [CrR 2.1(d)], which allows motions to amend an information at any time prior to the final verdict, as long as substantial rights of the defendant are not prejudiced." Johnson, 119 Wash.2d at 150, 829 P.2d 1078. In part to encourage prosecutors to exercise more care in filing constitutionally sufficient informations, we held, "[a] bright line rule mandating dismissal of defective informations challenged before trial is workable and not unduly harsh, given the liberal amendment rule and the ease with which prosecutors can discern the elements of most common crimes." Johnson, 119 Wash.2d at 150, 829 P.2d 1078 (citing Kjorsvik, 117 Wash.2d at 102 n. 14, 812 P.2d 86).
Article I, § 22 (amend.10) of the Washington Constitution requires a charging document contain all essential elements of the crime charged, both statutory and nonstatutory. Kjorsvik, 117 Wash.2d at 97, 101, 812 P.2d 86. The key question in this case is whether intent is a nonstatutory element of the crime of fourth degree assault. RCW 9A.36.041. Prior case law has held that it is. State v. Davis, 119 Wash.2d 657, 662, 835 P.2d 1039 (1992) (citing State v. Robinson, 58 Wash.App. 599, 606, 794 P.2d 1293 (1990)). Since the motion to dismiss in this case was made before the verdict was rendered, the charging document must be strictly construed. See Johnson, 119 Wash.2d at 150, 829 P.2d 1078; cf. Kjorsvik, 117 Wash.2d at 105, 812 P.2d 86 (establishing liberal rule of construction for charging documents challenged for the first time post-verdict).
As we apply strict construction, the issue of prejudice to the defendant is also inconsequential. Johnson, 119 Wash.2d at 149, 829 P.2d 1078. There was little question that the defendants in Johnson were fully aware of the element omitted from their charging documents, as they filed motions to dismiss. This court held, however, that "when an information is challenged pre-trial, defendants need not show they were prejudiced by missing elements." Johnson, 119 Wash.2d at 149, 829 P.2d 1078. This rule discourages defendants from "sandbagging." Johnson, 119 Wash.2d at 149, 829 P.2d 1078. Thus, the majority's implication that petitioner knew the elements of the crime charged because, for example, she filed the required notice of a special defense, is immaterial. E.g., majority at 578.
Nor is it relevant that the information contained further allegations of pushing, kicking, and punching the victim in the face. See majority at 577, 578. By looking to additional language in the information, the majority further departs from the realm of strict construction. A liberal construction examines whether the elements of the offense appear "in any form," but a strict construction requires the elements to be expressly stated. State v. Ralph, 85 Wash.App. 82, 84-85, 930 P.2d 1235 (1997) (citing Kjorsvik, 117 Wash.2d at 105-06, 812 P.2d 86; Johnson, 119 Wash.2d at 150, 829 P.2d 1078). "If the information fails to state the necessary elements, then the information is insufficient." Ralph, 85 Wash.App. at 85, 930 P.2d 1235 (citing Johnson, 119 Wash.2d at 150, 829 P.2d 1078); cf. State v. Williamson, 84 Wash.App. 37, 42, 924 P.2d 960 (1996) (under liberal construction standard "if the information does not state all elements of the crime, the court determines whether it contains any language, or reasonable inferences, that would give the accused notice of the missing element or elements.") (citing Kjorsvik, 117 Wash.2d at 106, 812 P.2d 86).
In State v. Robinson, 58 Wash.App. 599, 794 P.2d 1293, a fourth degree assault case decided before Kjorsvik and Johnson, Division One correctly applied the rule of strict construction later announced in Johnson. Robinson, 58 Wash.App. at 606, 794 P.2d 1293. In that case, the citation issued to the defendant read, "9A.36.041 Assault 4th (police officer)." Robinson, 58 Wash.App. at 606, 794 P.2d 1293. The court correctly refused to imply the missing element of intent from the word, "assault," holding instead that *581 "[b]ecause the citation did not contain an essential element of the crime, it did not state a charge on which Robinson could be tried and convicted. The conviction must therefore be reversed and the case dismissed." Robinson, 58 Wash.App. at 606-07, 794 P.2d 1293.
Even if, as the majority suggests, Robinson would be decided differently today because it involved a post-verdict challenge, it nonetheless recognizes that the element of intent is a required element and will not be implied from a mere allegation of fourth degree assault when a court is applying a standard of strict construction.[1] Our case presents the identical question.
The majority relies on State v. Chaten, 84 Wash.App. 85, 925 P.2d 631 (1996), a second degree assault case decided after Johnson. Chaten is unpersuasive for several reasons. First, although Chaten purports to follow the strict pre-verdict standard of review, it relies on cases decided under the liberal standard of construction. Chaten, 84 Wash.App. at 87, 925 P.2d 631 (citing State v. Hopper, 118 Wash.2d 151, 822 P.2d 775 (1992); State v. Dukowitz, 62 Wash.App. 418, 814 P.2d 234 (1991)). Second, Chaten is directly contrary to the bright line rule established in Johnson and other cases. Finally, and most significantly, Chaten, as with the majority here, erroneously states that the term "assault" is "commonly understood" to be intentional. Chaten 84 Wash.App. at 87, 925 P.2d 631. While this premise may have been true at common law, the same cannot be said today.
The elements of fourth degree assault are not set out in the criminal code. "A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." RCW 9A.36.041(1). As to this statute, this court's observation of more than 50 years ago still holds true: "In denoting and distinguishing the various acts and elements which constitute the several degrees of assault, the statutes make an indiscriminate use of the very word `assault,' but nowhere in our present criminal code is that word itself defined." Peasley v. Puget Sound Tug & Barge Co., 13 Wash.2d 485, 504, 125 P.2d 681 (1942).
Our Legislature has further seen fit to utilize the word "assault" to describe an expanding variety of criminal acts involving not only intent but knowledge, recklessness, and negligence. See generally RCW 9A.36.021(1)(f) (knowing assault); RCW 9A.36.031(1)(d), (f) (criminally negligent assault); RCW 9A.36.120(1)(b)(i) (reckless assault of a child); RCW 46.61.522(1)(a) (reckless vehicular assault); RCW 88.12.032(2)(a) (reckless watercraft assault). The majority relies on an outdated law dictionary definition of assault, but the current edition of that dictionary states a person commits simple assault if he "attempts to cause or purposely, knowingly or recklessly causes bodily injury to another" or "negligently causes bodily injury to another with a deadly weapon...." Black's Law Dictionary 110 (7th ed.1999) (citing Model Penal Code § 211.1 (1997)) (emphasis added).
When a defendant may be charged with felony murder based on negligent assault, the word assault no longer automatically connotes an intentional act. See State v. Tamalini, 134 Wash.2d 725, 734, 953 P.2d 450 (1998). As Judge Morgan pointed out, "if we were to rule otherwise in this misdemeanor assault case, we would soon be asked to imply, in a felony assault case, a similar but different mental state like recklessness or knowledge." State v. Taylor, 91 Wash. App. 606, 611, 958 P.2d 1032 (1998).
Washington law mandates police know the elements of a crime to support probable cause to cite or arrest. See CrRLJ 2.1(b)(5); City of Auburn v. Brooke, 119 Wash.2d 623, 634, 836 P.2d 212 (1992); Taylor, 91 Wash. App. at 611, 958 P.2d 1032. No less should be required of a prosecutor. In this case, defense counsel moved to dismiss a defective *582 charging document before a verdict was rendered. Defense counsel closely followed this court's precedent but the State, as the majority impliedly recognizes, failed to do so. See majority at 578 & n.66. Our cases require dismissal. I would adhere to the standard set forth in Johnson and, because the prosecutor failed to amend the charging document to include the required element of intent, I would affirm the holding of the Court of Appeals.
ALEXANDER, SANDERS, and MADSEN, JJ., concur.
NOTES
[1] Transcript of Proceedings, Pierce County District Court dated July 12, 1995. The decision by the officer to arrest Respondent instead of Mr. Ide is at least subject to debate, but it was not raised as an issue by Respondent. Besides, the ultimate determination of the facts was made by the jury whose decision was not raised as an issue.
[2] RCW 9A.36.041.

Assault in the fourth degree. (1) A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another. (2) Assault in the fourth degree is a gross misdemeanor.
[3] Criminal Complaint, Pierce County District Court, dated May 1, 1995.
[4] Notice of Special Defense Under CrRLJ 4.7, Pierce County District Court, dated June 1, 1995.
[5] Transcript of Proceedings, Pierce County District Court dated July 10, 1995 at 10.
[6] Id.
[7] Respondent was sentenced to 365 days with 355 days suspended, 5 days in custody and 5 days on a work crew. Order, Pierce County District Court, dated July 25, 1995.
[8] Notice of Appeal, Pierce County Superior Court, dated July 27, 1995.
[9] Transcript of Proceedings, Pierce County Superior Court, dated July 12, 1995, at 9-10. The trial court's order stated "[t]he court finds the charging document was sufficient to notify the [Respondent] of the element of `intent', notwithstanding its omission from the charging document." Order on RALJ Appeal, Pierce County Superior Court, filed July 12, 1996.
[10] Notice for Discretionary Review in the Court of Appeals Division Two, filed July 26, 1996.
[11] Ruling Granting Review, Court of Appeals, Division II, filed November 15, 1995, at 3-4.
[12] State v. Taylor, 91 Wash.App. 606, 610, 958 P.2d 1032 (1998).
[13] Order, Supreme Court of Washington, dated February 2, 1999.
[14] See Oral Argument Information Sheet, Supreme Court of Washington, dated June 8, 1999.
[15] Order for Rehearing, Supreme Court of Washington, dated November 4, 1999.
[16] 84 Wash.App. 85, 925 P.2d 631 (1996).
[17] Rule of Appellate Procedure 13.4(b)(2).
[18] State v. Vangerpen, 125 Wash.2d 782, 787, 888 P.2d 1177 (1995). See also State v. Kjorsvik, 117 Wash.2d 93, 97, 812 P.2d 86 (1991).
[19] Vangerpen, 125 Wash.2d at 787, 888 P.2d 1177.
[20] State v. Leach, 113 Wash.2d 679, 689, 782 P.2d 552 (1989) (quoting State v. Nieblas-Duarte, 55 Wash.App. 376, 380, 777 P.2d 583 (1989)).
[21] State v. Campbell, 125 Wash.2d 797, 801, 888 P.2d 1185 (1995) (quoting United States Constitution, Amendment 6).
[22] See Kjorsvik, 117 Wash.2d at 97, 812 P.2d 86.
[23] Kjorsvik, 117 Wash.2d at 101, 812 P.2d 86.
[24] Id. (quoting Leach, 113 Wash.2d at 688, 782 P.2d 552).
[25] State v. Hopper, 118 Wash.2d 151, 155, 822 P.2d 775 (1992).
[26] Vangerpen, 125 Wash.2d at 792-93, 888 P.2d 1177.
[27] BLACK'S LAW DICTIONARY, 147 (4th rev. ed. 1968).
[28] Kjorsvik, 117 Wash.2d at 102, 812 P.2d 86.
[29] Id. at 104, 812 P.2d 86.
[30] State v. Johnson, 119 Wash.2d 143, 149-50, 829 P.2d 1078 (1992).
[31] Id. at 150, 829 P.2d 1078.
[32] Id. at 149-50, 829 P.2d 1078. The two distinct standards of review encourage prosecuting attorneys to file sufficient complaints, and also encourage defendants to make timely challenges to defective charging documents to discourage "sandbagging." State v. Johnson, 119 Wash.2d 143, 150, 829 P.2d 1078 (1992); State v. Kjorsvik, 117 Wash.2d 93, 103, 812 P.2d 86 (1991).
[33] 84 Wash.App. 85, 925 P.2d 631 (1996).
[34] Id. at 87, 925 P.2d 631.
[35] Id.
[36] State v. Borrero, 97 Wash.App. 101, 982 P.2d 1187 (1999); State v. Roland, No. 34428-5-I, 84 Wash.App. 1074, 1997 WL 22439 (Wash.Ct. App.); State v. F.P.L., No. 36348-4-I, 85 Wash. App. 1094, 1997 WL 222776 (Wash.Ct.App.); State v. Brock, No. 20096-1-II, 85 Wash.App. 1101, 1997 WL 235509 (Wash.Ct.App.); see also State v. Connolly, No. 20423-1-II, 87 Wash.App. 1093, 1997 WL 626424 (Wash.Ct.App.).
[37] 118 Wash.2d 151, 822 P.2d 775 (1992).
[38] 119 Wash.2d 657, 835 P.2d 1039 (1992).
[39] Hopper, 118 Wash.2d at 157-58, 822 P.2d 775; Davis, 119 Wash.2d at 663, 835 P.2d 1039.
[40] Hopper, 118 Wash.2d at 158, 822 P.2d 775.
[41] Davis, 119 Wash.2d at 663, 835 P.2d 1039. See also State v. Tunney, 129 Wash.2d 336, 341, 917 P.2d 95 (1996) ("An information that alleges assault can be fairly construed as also alleging the mental element of intent or knowledge."); State v. Osborne, 102 Wash.2d 87, 94, 684 P.2d 683 (1984) ("The word `assault' is not commonly understood as referring to an unknowing or accidental act."); State v. Dukowitz, 62 Wash.App. 418, 424, 814 P.2d 234 (1991) ("An assault is by definition an intentional act and is commonly understood as such.").
[42] Resp't's Br. at 5-6.
[43] Id. at 6-7; see RCW 9A.36.031(1)(d) and (f).
[44] Taylor, 91 Wash.App. at 610, 958 P.2d 1032.
[45] Id.
[46] Chaten, 84 Wash.App. at 86, 925 P.2d 631.
[47] Id.
[48] Id.
[49] 58 Wash.App. 599, 794 P.2d 1293 (1990); see Taylor, 91 Wash.App. at 609-10, 958 P.2d 1032.
[50] Robinson, 58 Wash.App. at 606-07, 794 P.2d 1293.
[51] 67 Wash.App. 921, 841 P.2d 774 (1992).
[52] Craven, 67 Wash.App. at 927, 841 P.2d 774 ("The continuing validity of Robinson is doubtful in light of the Davis and Hopper decisions.").
[53] 119 Wash.2d 143, 829 P.2d 1078 (1992).
[54] Johnson, 119 Wash.2d at 150, 829 P.2d 1078.
[55] Id.
[56] Taylor, 91 Wash.App. at 610-11, 958 P.2d 1032.
[57] Pet'r's Br. at 7-9.
[58] Johnson, 119 Wash.2d at 146, 829 P.2d 1078.
[59] Taylor, 91 Wash.App. at 611, 958 P.2d 1032.
[60] 129 Wash.2d 336, 917 P.2d 95 (1996).
[61] Id. at 337-38, 917 P.2d 95.
[62] State v. Ralph, 85 Wash.App. 82, 86, 930 P.2d 1235 (1997).
[63] Complaint, Pierce County District Court, dated May 1, 1995.
[64] Kjorsvik, 117 Wash.2d, at 109, 812 P.2d 86.
[65] State v. Osborne, 102 Wash.2d 87, 94, 684 P.2d 683 (1984).
[66] Despite our conclusion in this case, prosecuting authorities are forewarned that more attention should be given to precise language in drafting complaints or informations to reduce the incidence of challenges such as made in this case.
[1] The majority's attempt to distinguish Robinson reveals the flaw in its reasoning. It suggests "courts have not followed Robinson" and cites to one decision. Majority at 577 & nn. 51-52 (citing State v. Craven, 67 Wash.App. 921, 841 P.2d 774 (1992)). Craven, however, involved analysis under the new liberal standard of construction. Craven, 67 Wash.App. at 925, 841 P.2d 774. Craven`s unwillingness to follow Robinson was thus understandable and appropriate in that case. The same cannot be said under the strict construction standard in this case.