IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>LARRY EDWARD TARRER,<br><br>                        Petitioner. | No.  50616-5-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, J. — Larry Tarrer seeks relief from personal restraint imposed as a result of his 2014 convictions for first degree murder, attempted first degree murder, and first degree manslaughter.[1]  He raises six issues.

Issue 1.  Tarrer argues that he received ineffective assistance of trial counsel in not moving to admit the medical records of Claudia McCorvey, one of the victims, as business records under ER 803(a)(4).  His trial counsel did move for the admission of those records, but the trial court denied their admission, and in his direct appeal, we held that the trial court did not abuse its discretion.  Tarrer now argues that his trial counsel performed deficiently because he did not move for admission of the records under *State v. Doerflinger*, 170 Wn. App. 650, 663-65, 285 P.3d 217 (2012).  To establish ineffective assistance of counsel, Tarrer must demonstrate that his counsel's

---

[1] We issued the mandate of Tarrer's direct appeal on December 1, 2016, making his July 7, 2017 petition timely filed.  RCW 10.73.090(3)(b).  Consideration of his petition was stayed pending *State v. Scott*, 190 Wn.2d 586, 416 P.3d 1182 (2018).

performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We presume strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011). Tarrer does not show either deficient performance or resulting prejudice. *Doerflinger* is inapplicable because it held that where one physician is testifying, the medical records of other physicians used in treating the patient are admissible as business records under ER 803(a)(4). Here, there was no physician testifying to the treatment of McCorvey, so moving to admit the records under *Doerflinger* would have made no difference. Tarrer does not demonstrate ineffective assistance of trial counsel.

Issue 2. Tarrer argues that he received ineffective assistance of appellate counsel when he did not raise *Doerflinger* in the direct appeal. But as addressed above, *Doerflinger* is inapplicable, so Tarrer does not demonstrate ineffective assistance of appellate counsel.

Issue 3. Tarrer argues that the prosecutor committed misconduct by violating an order in limine that the State had requested regarding the scope of the testimony of the defense eyewitness identification expert witness. But his trial counsel did not object to the prosecutor's questions. Therefore, in addition to showing the prosecutor's questions were improper in the first instance, Tarrer must also show that the improper questioning was so flagrant and ill intentioned that it caused incurable prejudice—that is, prejudice that could not have been obviated by a curative instruction. *State v. McChristian*, 158 Wn. App. 392, 400, 241 P.3d 468 (2010). And he must show a substantial likelihood that the misconduct affected the jury's verdict. *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 495, 251 P.3d 884 (2010). Tarrer fails to demonstrate that the

prosecutor's questions were improper. The prosecutor's questions were consistent with the order in limine that the expert could testify generally only about the reliability of identifications and could not opine specifically about the accuracy of the victim's identification. Even if Tarrer had shown the prosecutor's questions were improper, he hasn't shown they were flagrant or ill intentioned. Nor does Tarrer show that he was prejudiced by them.

Issue 4. Tarrer argues that his exceptional sentence was based on unsupported findings. The jury returned special verdicts that (1) the attempted first degree murder was an invasion of McCorvey's privacy and (2) her injuries substantially exceeded the level of bodily harm necessary to satisfy the elements of attempted first degree murder. The trial court's findings of fact I and VII reflect those special verdicts. Substantial evidence supported the finding of violation of the zone of privacy because the crime was committed in McCorvey's home in the early morning hours. Substantial evidence supports the finding that McCorvey's injuries, which have rendered her a paraplegic, substantially exceeded the level of bodily harm necessary to satisfy the elements of *attempted* first degree murder. *State v. Duncalf*, 177 Wn.2d 289, 296, 300 P.3d 352 (2013). To the extent that the trial court made additional findings of fact in findings of fact VIII, IX and X, those additional findings are surplusage.

Issue 5. Tarrer argues that because he committed his crime when he was 17 years old, he is entitled to be resentenced under *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). But where a petitioner has other adequate remedies available, relief through a personal restraint petition is not available. *Scott*, 190 Wn.2d at 592; *In re Pers. Restraint of McNeil*, 181 Wn.2d 582, 590, 334 P.3d 548 (2014). Tarrer has a motion for resentencing under

No. 50616-5-II

*State v. Weatherwax*, 188 Wn.2d 139, 392 P.3d 1054 (2017), pending in the trial court and may seek parole, so he has an adequate remedy.

Issue 6. Finally, in a supplement to his petition, Tarrer argues that the to-convict jury instruction fails to state all of the essential elements of the crime of attempted first degree murder because it does not specify McCorvey by name. But *State v. Plano*, 67 Wn. App. 674, 679, 838 P.2d 1145 (1992), and *State v. Johnston*, 100 Wn. App. 126, 131, 996 P.2d 629 (2000), hold otherwise.

Tarrer does not present any grounds for relief from restraint. We therefore deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, C.J.

GLASGOW, J.

4